## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08 cv 3853 |
| v. | ) ) ) | |
| BALLY TOTAL FITNESS HOLDING CORP., a Delaware corporation, and MICHAEL SHEEHAN, an individual, | ) ) ) ) | Judge Joan Humphrey Lefkow Magistrate Judge Morton Denlow |
| Defendants. | ) ) ) ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## ITS MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

In support of its Motion for Leave to Conduct Expedited Discovery, Plaintiff 24 Hour Fitness USA, Inc. ("24 Hour Fitness") states as follows:

This action arises from the misappropriation of the proprietary 24 Hour Fitness trade secrets and other confidential information as defined in Paragraph 10 of the Amended Complaint (hereinafter "proprietary 24 Hour Fitness trade secret and confidential information") by Defendant Bally Total Fitness Holding Corp. ("Bally"), a direct competitor of 24 Hour Fitness, and from the breach of fiduciary duty and misappropriation of proprietary 24 Hour Fitness trade secrets and other confidential information by Defendant Michael Sheehan ("Sheehan").

Sheehan, who was until very recently 24 Hour Fitness' COO, is now Bally's new CEO. During his eight years at 24 Hour Fitness, Sheehan had access to and knowledge of proprietary 24 Hour Fitness trade secrets and other confidential information across its business, from

marketing and sales, to operations, and to finance and accounting.   Because Sheehan's employment as CEO of Bally's must necessarily require him to work in all of these areas, it is difficult, if not impossible, to conceive of how Sheehan could execute his duties and responsibilities to Bally without disclosing proprietary 24 Hour Fitness trade secrets and confidential information.

Due to this inevitable disclosure of proprietary 24 Hour Fitness trade secrets and other confidential information, which is and will irreparably harm 24 Hour Fitness, Plaintiff intends to seek preliminary injunctive relief to prevent Defendants' further misappropriation.   In order to determine the extent of, and to seek a preliminary injunction against, Defendants' misappropriation and inevitable disclosure of a proprietary 24 Hour Fitness trade secrets and other confidential information, 24 Hour Fitness requires limited expedited discovery.   Plaintiff's proposed expedited discovery is reasonable and narrowly targeted at issues for the preliminary injunction hearing.   24 Hour Fitness therefore respectfully requests that this Court permit it to conduct expedited discovery.

## **FACTUAL BACKGROUND**

On June 23, 2008, Sheehan abruptly resigned from his position as Chief Operating Officer at 24 Hour Fitness, effective immediately, and announced that, beginning on July 1, 2008, he would be Chief Executive Officer at Bally.  Am. Compl. at ¶ 17.   24 Hour Fitness is one of the world's largest privately-owned fitness companies and operates over 400 fitness centers worldwide.  Am. Compl. at ¶ 9.  Bally is 24 Hour Fitness' direct competitor in the competitive fitness market.  Am. Compl. at ¶¶ 12, 17, 24.

In the nearly eight years that Sheehan worked at 24 Hour Fitness, he, as COO, had access to and knowledge of many of the proprietary 24 Hour Fitness trade secrets and other confidential

information that allowed it to grow into a competitive player in the fitness market, including marketing strategies, strategic plans, geographic growth plans, development plans, market reorganization plans, and key vendor relationships. Am. Compl. at ¶¶ 4, 10, 15. As CEO at Bally, Sheehan's employment will undoubtedly include the same responsibilities he had at 24 Hour Fitness. Am. Compl. at ¶ 24.

## THE LEGAL STANDARD

Though a party generally "may not seek discovery…before the parties have conferred as required by Rule 26(f)," the Court may authorize discovery prior to this conference. Fed. R. Civ. P. 26(d)(1). "It is well-settled that district courts enjoy broad discretion in controlling discovery." *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 813 (7th Cir. 2006).

A Court may allow expedited discovery that is necessary and reasonable under the circumstances. *Vance v. Rumsfeld*, No. 06 C 6964, 2007 WL 4557812, at *5 (N.D. Ill. Dec. 21, 2007); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Expedited discovery may be necessary where there is a potential irreparable harm. *See, e.g., Vance v. Rumsfeld*, No. 06 C 6964, 2007 WL 4557812, at *5 (N.D. Ill. Dec. 21, 2007).

## ARGUMENT

The expedited discovery sought by 24 Hour Fitness is appropriate under this standard: it is necessary in light of the imminent harm facing 24 Hour Fitness, and is reasonable as it is narrowly tailored to allow 24 Hour Fitness to seek preliminary injunctive relief.

**A.  Expedited Discovery Is Necessary Because Plaintiff Faces An Immediate And Inevitable Risk Of Disclosure Of The Proprietary 24 Hour Fitness Trade Secrets And Other Confidential Information That Will Cause It Irreparable Harm.**

The Illinois Trade Secrets Act allows a court to enjoin the "actual or threatened misappropriation" of a trade secret. 765 ILCS 1065/3(a). An injunction is particularly warranted

when there is a "high degree of probability of inevitable and immediate . . . use of . . . trade secrets." *Pepsico v. Redmond*, 54 F.3d 1262, 1268 (7th Cir. 1995) (quoting *Teradyne, Inc. v. Clear Commc'ns Corp.*, 707 F. Supp. 353 (N.D. Ill. 1989)).  Given Sheehan's comprehensive, unfettered access to proprietary 24 Hour Fitness trade secrets and other confidential information and his new position as CEO at Bally, there is an inevitable and immediate danger that, in order to perform his duties as CEO, Sheehan will disclose proprietary 24 Hours Fitness trade secrets and other confidential information, regardless of whether he intends to do so.  The circumstances of Sheehan's resignation from 24 Hour Fitness further substantiate the likelihood that proprietary 24 Hour Fitness trade secrets and other confidential information inevitably be disclosed by Sheehan.  *See Pepsico*, 54 F.3d at 1267 (affirming lower court's reasoning that inevitable disclosure of trade secrets by former employee was likely given the lack of forthrightness by that employee in giving his resignation notice).

The inevitable disclosure of proprietary 24 Hour Fitness trade secrets and other confidential information constitutes irreparable harm to 24 Hour Fitness.  *See Payment Alliance Int'l, Inc. v. Ferreira*, 530 F. Supp. 2d 477, 480 (S.D.N.Y. 2007) (quoting *Estee Lauder Cos., Inc. v. Batra*, 430 F. Supp. 2d 158, 174 (S.D.N.Y. 2006) (". . .even where a trade secret has not yet been disclosed, irreparable harm may be found based upon a finding that trade secrets will inevitably be disclosed.")); *Osteotech, Inc. v. Biologic, LLC*, 2008 U.S. Dist. LEXIS 17718, *11-12 (D. N.J. 2008) ("an employer may demonstrate that there is a sufficient likelihood of inevitable disclosure of its trade secrets to a competitor[] to show irreparable harm not adequately remedied by money damages.") (internal quotes omitted); *Verizon Commc'ns, Inc. v. Pizzirani*, 462 F. Supp. 2d 648, 658 (E.D. Pa. 2006) (". . .Plaintiff may demonstrate irreparable harm by establishing that trade secrets will be inevitably disclosed").

In light of this risk of irreparable harm, expedited discovery is necessary for 24 Hour Fitness to determine the extent of the actual or threatened misappropriation of its proprietary 24 Hour Fitness trade secrets and other confidential information, particularly the extent to which Sheehan will inevitably disclose them in carrying out his duties as Bally's CEO, and then to seek appropriate preliminary injunctive relief.

**B.    The Expedited Discovery Sought By Plaintiff Is Narrow And Reasonably Tailored, And Will Assist This Court In Ruling On The Preliminary Injunction.**

While a court may reject expedited discovery that is "unfettered and unrestrained," the narrow discovery sought here is tailored specifically to obtain information needed for a preliminary injunction hearing. *See Merrill Lynch*, 194 F.R.D. at 621 (denying expedited discovery where plaintiff sought "unfettered and unrestrained" discovery, including a limitless deposition of defendant, and where plaintiff made no effort to limit discovery to the issues relevant to the preliminary injunction hearing). Here, Plaintiff intends to limit the expedited discovery and target it to issues relevant to the preliminary injunction hearing. For the purposes of expedited discovery, Plaintiff currently intends, based on the information discovered so far, to propound only six interrogatories to Defendant Sheehan (**EXHIBIT A**); five interrogatories to Defendant Bally (**EXHIBIT B**); 7 document requests to Defendant Sheehan (**EXHIBIT C**); and 7 document requests to Defendant Bally (**EXHIBIT D**); and to take approximately seven depositions, not unlimited in time.

These interrogatories and document requests demonstrate that this expedited discovery is narrowly tailored to determine the extent of the actual and threatened misappropriation of proprietary 24 Hour Fitness trade secrets and other confidential information. The discovery requests are targeted to ascertain:

(1)    what communications Sheehan has had with Bally that might have disclosed or contemplated disclosure of proprietary 24 Hour Fitness trade secrets and other confidential information.  (**EXHIBIT A**, Interrogatory Nos. 1, 3 and 4; **EXHIBIT B**, Interrogatory Nos. 1, 3 and 4; **EXHIBIT C**, Request Nos. 1, 2, 3, 4, 5 and 7; **EXHIBIT D**, Request Nos. 1, 2, 3, 4, 5 and 7.)

(2)    the extent to which Sheehan took or copied proprietary 24 Hour Fitness trade secrets and other confidential information from 24 Hour Fitness' offices (**EXHIBIT A**, Interrogatory No. 5; **EXHIBIT C**, Request Nos. 5 and 7; **EXHIBIT D**, Request Nos. 5 and 7.)

(3)    to what extent Sheehan's duties and responsibilities with Bally will inevitably cause him or already have caused to disclose proprietary 24 Hour Fitness trade secrets and other confidential information (**EXHIBIT A**, Interrogatory No. 2; **EXHIBIT B**, Interrogatory No. 2; **EXHIBIT C**, Request Nos. 2 and 3; **EXHIBIT D**, Request Nos. 2 and 3.)

(4)    what steps, if any, Bally and Sheehan are making to avoid the disclosure and use of proprietary 24 Hour Fitness trade secrets and other confidential information.  (**EXHIBIT A**, Interrogatory No. 6; **EXHIBIT B**, Interrogatory No. 5; **EXHIBIT C**, Request Nos. 6 and 7; **EXHIBIT D**, Request Nos. 6 and 7.)

Moreover, Plaintiff's expedited discovery is tailored to seek this information as efficiently as possible.  The interrogatories and document requests call for simple, straightforward information, such as the dates and general contents of communications, which Sheehan and Bally should be able to locate and provide easily and quickly.  By covering this information before depositions, these discovery requests will facilitate more streamlined and effective expedited deposition discovery.  Defendants' responses to written discovery responses

may even reduce the number of depositions required.  This Court should therefore allow Plaintiff to conduct the requested expedited discovery.

## **CONCLUSION**

For the reasons stated above, Plaintiff 24 Hour Fitness USA, Inc. requests that this Court grant Plaintiff's Motion for Leave to Conduct Expedited Discovery and for such other and further relief that this court deems is just.

Date:   July 10, 2008

Respectfully submitted,

24 Hour Fitness USA, Inc.

/s/ R. Mark Halligan

**R. Mark Halligan (IL 6200723)**
mark.halligan@lovells.com
**Deanna R. Swits (IL 6287513)**
deanna.swits@lovells.com
**LOVELLS LLP**
330 N. Wabash Avenue
Suite 1900
Chicago, IL  60611
Tel:  312 832 4400
Fax:  312 832 4444

*Attorneys for Plaintiff 24 Hour Fitness USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 08 cv 3853 |
| v. | ) ) ) | |
| BALLY TOTAL FITNESS HOLDING CORP., a Delaware corporation, and MICHAEL SHEEHAN, an individual, | ) ) ) ) | Judge Joan Humphrey Lefkow <br><br> Magistrate Judge Morton Denlow |
| Defendants. | ) ) ) ) | |

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT MICHAEL SHEEHAN**

Plaintiff 24 Hour Fitness USA, Inc. (referred to herein as "24 Hour Fitness"), by and through its attorneys, Lovells LLP, pursuant to Federal Rule of Civil Procedure 33 hereby requests that the following interrogatories be answered fully in writing under oath by Defendant Michael Sheehan ("Sheehan"), within fourteen (14) days of the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1.      The terms "you," "your," and "Sheehan" shall refer to Defendant Michael Sheehan including his attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on his behalf.

2.      The term "Bally" shall refer to Defendant Bally Total Fitness Holding Corp. including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees,

attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on its behalf. The term "Bally personnel" shall refer to Defendant Bally Total Fitness Holding Corp.'s present and former officers, directors, employees, attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on its behalf.

3.    The term "24 Hour Fitness" shall refer to Plaintiff 24 Hour Fitness USA, Inc., including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on its behalf.

4.    The phrase "Proprietary 24 Hour Fitness Trade Secrets and Other Confidential Information" refers to proprietary information and confidential methods and techniques developed by 24 Hour Fitness related to the development and management of fitness centers, including but not limited to: proprietary and confidential critical market strategies, including 24 Hour Fitness's Three Year Strategic Plan, updated annually; proprietary and confidential growth plans for new geographic markets; proprietary and  confidential market segment development planning; proprietary and confidential market performance data and market reorganization planning; proprietary and confidential platform expansion planning intended to utilize the Internet and other resources to facilitate memberships; proprietary and confidential marketing strategy related to advertising, marketing partnerships and marketing tie-ins with non-traditional media; proprietary and confidential compensation and personnel data; confidential litigation strategy; proprietary and confidential financial planning strategies; proprietary and confidential budgeting strategies; confidential information regarding revenues; confidential sales figures relating to all aspects of 24 Hour Fitness' business; confidential relationships with key vendors;

and the proprietary and unique confidential combinations and compilations of the above information relating to the 24 Hour Fitness successful business model and operations strategy.

5.    The term "person" means the plural as well as the singular and includes any natural person and/or corporations, companies, associations, partnerships, firms, governmental bodies, hospitals, charitable institutions, or any other organization or entity.

6.    The term "document" means, but is not limited to, the original and any non-identical copy of any written, printed, or graphic material, photographic matter, sound reproduction, or computer input or output (whether image, data, or code), including any correspondence, teletype message, memorandum of oral statements, conversations, and/or events, letters, emails, facsimiles, telegrams, personnel files, notes, reports, compilations, studies, tabulations, tallies, maps, diagrams, plans, pictures, records, securities, certificates, certificates of deposit, or agreements, however produced, reproduced or recorded, whether physically, mechanically, or electronically, which : (1) is now or was formerly in the possession, custody, or control of Defendant Sheehan, or (2) is known or believed to be responsive to these requests, regardless of who now has or formerly had custody, possession, or control.

7.    If any document would be responsive to any interrogatory, and the document was at one time in existence, but has been lost, discarded, or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

a.    the type of document;

b.    its date;

c.    the date or approximate date it was lost, discarded, or destroyed;

d.    the reason or reasons for disposing of the document (if discarded or destroyed);

e.    the circumstances and manner in which it was lost, discarded, or destroyed;

    f.      the identity of any and all person(s) authorizing or having knowledge of the circumstances surrounding the disposal of the document;

    g.     the identity of any and all person(s) who lost, discarded, or destroyed the document; and

    h.     the identity of any and all person(s) having knowledge of the contents thereof.

8.    The words "identity" or "identify," when used with regard to a person, require that the full name, address, and telephone number of such person be provided, together with the identity of said person's employer, business address, and business telephone number.  When used with regard to a business organization, "identity" or "identify" require that that organization's name and business address be stated.

9.    The words "identify," "identity," or "identification," when used in reference to a document, mean that the respondent is required to state its date, its subject matter and substance, its author and each addressee and copy, and type of document (e.g., letter, memorandum, telegram, chart, computer input or output, photograph, sound reproduction, etc.) or, if the above information is not available, some other means of identifying it, and its present location and the name of each of its present custodians.

10.    The words "identify," "identity," or "identification," when used in reference to an oral communication, means that the respondent is required to state:

    a.     when the communication took place;

    b.     where the communication took place;

    c.     who took part in the communication and who was present when the communication took place;

    d.     the substance and detail of the communication, setting forth what each person present said; and

    e.     whether the communication was memorialized or reduced to writing and, if so, identify the writings.

11.    "Relate" or "relating" means and includes contain or containing, constitute or constituting, refer or referring, describe or describing, discuss or discussing, and record or recording.

12.    "Date" means the exact day, month, and year if ascertainable, or if not, the best available approximation (including relationship to other events).

13.    "Communication" means the transmittal of information, including but not limited to, documents, writings, recordings, correspondence, computer files and printouts, and electronic mail.

14.    In the event that Defendant Sheehan wishes to assert either attorney-client privilege, work-product exclusion, and/or any other privilege as to any document for which identification and production is requested by any of the following specific interrogatories, then as to each document subject to such assertion, Defendant Sheehan is requested to provide such identification to include:

    a.     the nature of the document;

    b.     the sender, the author, and the recipient(s) of any and all copies;

    c.     the date of the document;

    d.     the name of each person to whom the original or any copy was circulated;

    e.     the names appearing on any circulation list of Defendant Sheehan associated with such document;

f.      a summary statement of the subject matter(s) of such document in sufficient detail to enable the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion; and

g.      a separate indication of the basis for assertion of privilege or the like for each such document.

## INTERROGATORIES

1.      Please state the details surrounding Bally's recruitment and/or hiring of Sheehan, including but not limited to, the dates and general content of all communications and the person(s) involved in the recruitment process.

**ANSWER:**

2.      Please identify your duties and responsibilities to Bally, from the time of Bally's first offer of employment to you through the present, including but not limited to, administration, marketing/sales, finance and accounting, operations, and any other business activity or division.

**ANSWER:**

3.      Please identify all email addresses, phone numbers (including but not limited to cell phone numbers), and fax numbers used by Sheehan from 2007 to the present.

**ANSWER:**

4.    Please identify with specificity the Bally personnel who have directly worked or had contact with Sheehan and describe with detail the nature of that work and/or contact.

**ANSWER:**

5.    Please identify with specificity all documents, property, or other things relating to 24 Hour Fitness that are or were in the possession, custody, or control of Sheehan outside of the offices of 24 Hour Fitness, from 2007 to the present.

**ANSWER:**

6.    Please identify with specificity any and all policies, procedures, and other efforts implemented by Bally and/or Sheehan to prevent the disclosure and/or use of the proprietary 24 Hour Fitness trade secrets and other confidential information as described in paragraph 10 of the Amended Complaint.

**ANSWER:**

\*    \*    \*

Date:   July ___, 2008                Respectfully submitted,

                                      Plaintiff 24 Hour Fitness USA, Inc.

                                      By: _____
                                      *An Attorney for Plaintiff 24 Hour Fitness USA,
                                      Inc.*

**R. Mark Halligan (IL 6200723)**
mark.halligan@lovells.com
**Deanna R. Swits (IL 6287513)**
deanna.swits@lovells.com
**LOVELLS LLP**
330 N. Wabash Avenue
Suite 1900
Chicago, IL  60611
Tel:  312 832 4400
Fax:  312 832 4444

*Attorneys for Plaintiff 24 Hour Fitness
USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 08 cv 3853 |
| v. | ) ) ) | |
| BALLY TOTAL FITNESS HOLDING CORP., a Delaware corporation, and MICHAEL SHEEHAN, an individual, | ) ) ) ) | Judge Joan Humphrey Lefkow Magistrate Judge Morton Denlow |
| Defendants. | ) ) ) ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT BALLY TOTAL FITNESS HOLDING CORP.**

Plaintiff 24 Hour Fitness USA, Inc. (referred to herein as "24 Hour Fitness"), by and through its attorneys, Lovells LLP, pursuant to Federal Rule of Civil Procedure 33 hereby requests that the following interrogatories be answered fully in writing under oath by Defendant Bally Total Fitness Holding Corp. ("Bally"), within fourteen (14) days of the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "Sheehan" shall refer to Defendant Michael Sheehan including his attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on his behalf.

2.      The terms "you," "your," and "Bally" shall refer to Defendant Bally Total Fitness Holding Corp. including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors,

1

employees, attorneys, agents, consultants and all other persons acting or purporting to act on its behalf. The term "Bally personnel" shall refer to Defendant Bally Total Fitness Holding Corp.'s present and former officers, directors, employees, attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on its behalf.

3.     The term "24 Hour Fitness" shall refer to Plaintiff 24 Hour Fitness USA, Inc., including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

4.     The phrase "proprietary 24 Hour Fitness trade secrets and other confidential information" refers to proprietary information and confidential methods and techniques developed by 24 Hour Fitness related to the development and management of fitness centers, including but not limited to: proprietary and confidential critical market strategies, including 24 Hour Fitness's Three Year Strategic Plan, updated annually; proprietary and confidential growth plans for new geographic markets; proprietary and  confidential market segment development planning; proprietary and confidential market performance data and market reorganization planning; proprietary and confidential platform expansion planning intended to utilize the Internet and other resources to facilitate memberships; proprietary and confidential marketing strategy related to advertising, marketing partnerships and marketing tie-ins with non-traditional media; proprietary and confidential compensation and personnel data; confidential litigation strategy; proprietary and confidential financial planning strategies; proprietary and confidential budgeting strategies; confidential information regarding revenues; confidential sales figures relating to all aspects of 24 Hour Fitness' business; confidential relationships with key vendors;

and the proprietary and unique confidential combinations and compilations of the above information relating to the 24 Hour Fitness successful business model and operations strategy.

5.     The term "person" means the plural as well as the singular and includes any natural person and/or corporations, companies, associations, partnerships, firms, governmental bodies, hospitals, charitable institutions, or any other organization or entity.

6.     The term "document" means, but is not limited to, the original and any non-identical copy of any written, printed, or graphic material, photographic matter, sound reproduction, or computer input or output (whether image, data, or code), including any correspondence, teletype message, memorandum of oral statements, conversations, and/or events, letters, emails, facsimiles, telegrams, personnel files, notes, reports, compilations, studies, tabulations, tallies, maps, diagrams, plans, pictures, records, securities, certificates, certificates of deposit, or agreements, however produced, reproduced or recorded, whether physically, mechanically, or electronically, which : (1) is now or was formerly in the possession, custody, or control of Defendant Bally, or (2) is known or believed to be responsive to these requests, regardless of who now has or formerly had custody, possession, or control.

7.     If any document would be responsive to any interrogatory, and the document was at one time in existence, but has been lost, discarded, or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

a.     the type of document;

b.     its date;

c.     the date or approximate date it was lost, discarded, or destroyed;

d.     the reason or reasons for disposing of the document (if discarded or destroyed);

e.     the circumstances and manner in which it was lost, discarded, or destroyed;

3

f.     the identity of any and all person(s) authorizing or having knowledge of the circumstances surrounding the disposal of the document;

g.     the identity of any and all person(s) who lost, discarded, or destroyed the document; and

h.     the identity of any and all person(s) having knowledge of the contents thereof.

8.     The words "identity" or "identify," when used with regard to a person, require that the full name, address, and telephone number of such person be provided, together with the identity of said person's employer, business address, and business telephone number. When used with regard to a business organization, "identity" or "identify" require that that organization's name and business address be stated.

9.     The words "identify," "identity," or "identification," when used in reference to a document, mean that the respondent is required to state its date, its subject matter and substance, its author and each addressee and copy, and type of document (e.g., letter, memorandum, telegram, chart, computer input or output, photograph, sound reproduction, etc.) or, if the above information is not available, some other means of identifying it, and its present location and the name of each of its present custodians.

10.    The words "identify," "identity," or "identification," when used in reference to an oral communication, means that the respondent is required to state:

a.     when the communication took place;

b.     where the communication took place;

c.     who took part in the communication and who was present when the communication took place;

4

d.    the substance and detail of the communication, setting forth what each person present said; and

e.    whether the communication was memorialized or reduced to writing and, if so, identify the writings.

11.    "Relate" or "relating" means and includes contain or containing, constitute or constituting, refer or referring, describe or describing, discuss or discussing, and record or recording.

12.    "Date" means the exact day, month, and year if ascertainable, or if not, the best available approximation (including relationship to other events).

13.    "Communication" means the transmittal of information, including but not limited to, documents, writings, recordings, correspondence, computer files and printouts, and electronic mail.

14.    In the event that Defendant Bally wishes to assert either attorney-client privilege, work-product exclusion, and/or any other privilege as to any document for which identification and production is requested by any of the following specific interrogatories, then as to each document subject to such assertion, Defendant Bally is requested to provide such identification to include:

a.    the nature of the document;

b.    the sender, the author, and the recipient(s) of any and all copies;

c.    the date of the document;

d.    the name of each person to whom the original or any copy was circulated;

e.    the names appearing on any circulation list of Defendant Bally associated with such document;

    f.      a summary statement of the subject matter(s) of such document in sufficient detail to enable the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion; and

    g.      a separate indication of the basis for assertion of privilege or the like for each such document.

**INTERROGATORIES**

1.     Please state the details surrounding Bally's recruitment and/or hiring of Sheehan, including but not limited to, the dates and general content of all communications and the person(s) involved in the recruitment process.

**ANSWER:**

2.     Please identify Sheehan's duties and responsibilities to Bally, from the time of your first offer of employment to Sheehan through the present, including but not limited to, administration, marketing/sales, finance and accounting, operations, and any other business activity or division.

**ANSWER:**

3.     Please identify all e-mail addresses, phone numbers (including but not limited to cell phone numbers), and fax numbers used by Sheehan.

**ANSWER:**

4.     Please identify with specificity the Bally personnel who have directly worked and/or had contact with Sheehan and describe with detail the nature of that work and/or contact.

**ANSWER:**

5.     Please identify with specificity any and all policies, procedures, and other efforts implemented by Bally and/or Sheehan to prevent the disclosure and/or use of the proprietary 24 Hour Fitness trade secrets and other confidential information, as described in paragraph 10 of the Amended Complaint.

**ANSWER:**

*     *     *

Date:   July ____, 2008          Respectfully submitted,

Plaintiff 24 Hour Fitness USA, Inc.

By: _____
*An Attorney for Plaintiff 24 Hour Fitness USA, Inc.*

**R. Mark Halligan (IL 6200723)**
mark.halligan@lovells.com
**Deanna R. Swits (IL 6287513)**
deanna.swits@lovells.com
**LOVELLS LLP**
330 N. Wabash Avenue
Suite 1900
Chicago, IL  60611
Tel:  312 832 4400
Fax:  312 832 4444

*Attorneys for Plaintiff 24 Hour Fitness USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 08 cv 3853 |
| v. | ) ) ) | |
| BALLY TOTAL FITNESS HOLDING CORP., a Delaware corporation, and MICHAEL SHEEHAN, an individual, | ) ) ) | Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Morton Denlow |
| Defendants. | ) ) ) ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS TO DEFENDANT MICHAEL SHEEHAN**
**FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff 24 Hour Fitness USA, Inc. (referred to herein as "24 Hour Fitness"), by and through its attorneys, Lovells LLP, pursuant to Federal Rule of Civil Procedure 34 hereby requests that Defendant Michael Sheehan produce the following documents and things in his possession, custody, or control at the offices of Lovells LLP at 330 North Wabash, Suite 1900, Chicago, Illinois 60611, within fourteen (14) days of the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1.      The terms "you," "your," and "Sheehan" shall refer to Defendant Michael Sheehan including his attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on his behalf.

2.      The term "Bally" shall refer to Defendant Bally Total Fitness Holding Corp. including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on its behalf.  The term "Bally personnel" shall refer to Defendant Bally Total Fitness Holding Corp.'s present and former officers, directors, employees, attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on its behalf.

3.      The term "24 Hour Fitness" shall refer to Plaintiff 24 Hour Fitness USA, Inc., including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

4.      The phrase "Proprietary 24 Hour Fitness Trade Secrets and Other Confidential Information" refers to proprietary information and confidential methods and techniques developed by 24 Hour Fitness related to the development and management of fitness centers, including but not limited to:  proprietary and confidential critical market strategies, including 24 Hour Fitness's Three Year Strategic Plan, updated annually; proprietary and confidential growth plans for new geographic markets; proprietary and  confidential market segment development planning; proprietary and confidential market performance data and market reorganization planning; proprietary and confidential platform expansion planning intended to utilize the Internet and other resources to facilitate memberships; proprietary and confidential marketing strategy related to advertising, marketing partnerships and marketing tie-ins with non-traditional media; proprietary and confidential compensation and personnel data; confidential litigation strategy; proprietary and confidential financial planning strategies; proprietary and confidential

budgeting strategies; confidential information regarding revenues; confidential sales figures relating to all aspects of 24 Hour Fitness' business; confidential relationships with key vendors; and the proprietary and unique confidential combinations and compilations of the above information relating to the 24 Hour Fitness successful business model and operations strategy.

5.     The term "person" means the plural as well as the singular and includes any natural person and/or corporations, companies, associations, partnerships, firms, governmental bodies, hospitals, charitable institutions, or any other organization or entity.

6.     The term "document" means, but is not limited to, the original and any non-identical copy of any written, printed, or graphic material, photographic matter, sound reproduction, or computer input or output (whether image, data, or code), including any correspondence, teletype message, memorandum of oral statements, conversations, and/or events, letters, emails, facsimiles, telegrams, personnel files, notes, reports, compilations, studies, tabulations, tallies, maps, diagrams, plans, pictures, records, securities, certificates, certificates of deposit, or agreements, however produced, reproduced or recorded, whether physically, mechanically, or electronically, which : (1) is now or was formerly in the possession, custody, or control of Defendant Sheehan, or (2) is known or believed to be responsive to these requests, regardless of who now has or formerly had custody, possession, or control.

7.     The term "electronic media" means, but is not limited to video, CD-ROM, DVD, floppy diskette, tape, zip disk, thumb drive, or recording.

8.     If any document would be responsive to any request, and the document was at one time in existence, but has been lost, discarded, or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

a.     the type of document;

b.      its date;

c.      the date or approximate date it was lost, discarded, or destroyed;

d.      the reason or reasons for disposing of the document (if discarded or destroyed);

e.      the circumstances and manner in which it was lost, discarded, or destroyed;

f.      the identity of any and all person(s) authorizing or having knowledge of the circumstances surrounding the disposal of the document;

g.      the identity of any and all person(s) who lost, discarded, or destroyed the document; and

h.      the identity of any and all person(s) having knowledge of the contents thereof.

9.      The words "identity" or "identify," when used with regard to a person, require that the full name, address, and telephone number of such person be provided, together with the identity of said person's employer, business address, and business telephone number.  When used with regard to a business organization, "identity" or "identify" require that that organization's name and business address be stated.

10.      The words "identify," "identity," or "identification," when used in reference to a document, mean that the respondent is required to state its date, its subject matter and substance, its author and each addressee and copy, and type of document (e.g., letter, memorandum, telegram, chart, computer input or output, photograph, sound reproduction, etc.) or, if the above information is not available, some other means of identifying it, and its present location and the name of each of its present custodians.

11.      "Relate" or "relating" means and includes contain or containing, constitute or constituting, refer or referring, describe or describing, discuss or discussing, and record or recording.

12.    "Date" means the exact day, month, and year if ascertainable, or if not, the best available approximation (including relationship to other events).

13.    "Communication" means the transmittal of information, including but not limited to, documents, writings, recordings, correspondence, computer files and printouts, and electronic mail.

14.    In the event that Defendant Sheehan wishes to assert either attorney-client privilege, work-product exclusion, and/or any other privilege as to any document for which identification and production is requested by any of the following specific document requests, then as to each document subject to such assertion, Defendant Sheehan is requested to provide such identification to include:

a.    the nature of the document;

b.    the sender, the author, and the recipient(s) of any and all copies;

c.    the date of the document;

d.    the name of each person to whom the original or any copy was circulated;

e.    the names appearing on any circulation list of Defendant Sheehan associated with such document;

f.    a summary statement of the subject matter(s) of such document in sufficient detail to enable the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion; and

g.    a separate indication of the basis for assertion of privilege or the like for each such document.

## REQUESTS FOR PRODUCTION

1.      Produce a true and correct copy of any and all documents consisting of or referring or relating to phone records for Sheehan from 2007 to the present, including but not limited to those records associated with phone number (925) 804-6583 and other any home phone or cellular phone records.

**RESPONSE:**


2.      Produce a true and correct copy of any and all communications by and between Bally and Sheehan, including but not limited to letters, emails, facsimiles, memoranda, agreements, and communications in which Sheehan or Bally is a TO:, CC:, or BCC: recipient.

**RESPONSE:**


3.      Produce a true and correct copy of any and all documents and communications that relate or refer to any projects or meetings at Bally with which Sheehan has been involved relating to any and all corporate business divisions, including but not limited to, administration, marketing/sales, finance and accounting, and operations.

**RESPONSE:**


4.      Produce a true and correct copy of any and all documents and communications that relate or refer to Bally's recruitment and/or employment of Sheehan, including but not

limited to, travel expenses, itineraries, interview notes, resumes, expense reimbursements, any and all communications with executive recruiters or other agents or persons involved in the employment offer and decision, or any other form of communication that is a tangible thing, including electronic media.

**RESPONSE:**

5.     Produce a true and correct copy of any and all documents, electronic media, and other things in your possession, custody or control, that were taken, not returned, downloaded, copied, transferred, or derived from 24 Hour Fitness, including but not limited to those identified below:

| Type | Vendor | Product | Friendly_Name | Last Written Date |
|------|--------|---------|---------------|-------------------|
| *Disk | IC25N020 | ATDA04-0 | IC25N020 ATDA04-0 USB Device | 04/05/06 06:44:26AM |
| *Disk | IC25N040 | ATCS05-0 | IC25N040 ATCS05-0 USB Device | 04/12/06 03:31:05PM |
| *Disk | HDT72252 | 5DLAT80 | HDT72252 5DLAT80 USB Device | 04/24/06 06:14:35AM |
| Disk | Kingston | DT_Elite_HS_2.0 | Kingston DT Elite HS 2.0 USB Device | 08/11/06 09:33:42AM (Drive E) |
| Disk | ST650211 | CF | ST650211 CF USB Device | 08/24/06 11:30:59AM |
| Disk | RIM | BlackBerry_SD | RIM BlackBerry SD USB Device | 03/26/07 09:42:46AM (Drive E) |
| Disk | SanDisk | U3_Cruzer_Micro | SanDisk U3 Cruzer Micro USB Device | 06/25/07 08:01:19PM (Drive E) |
| Disk | CBM | Flash_Disk | CBM Flash Disk USB Device | 12/24/07 07:40:18PM (Drive H) |
| Disk | Ativa | 1GB | Ativa 1GB USB Device | 02/06/08 05:16:25PM (Drive H) |
| Disk | Sony | Storage_Media | Sony Storage Media USB Device | 02/18/08 10:37:33AM (Drive H) |
| #Disk | SanDisk | Cruzer | SanDisk Cruzer USB Device | 05/21/08 03:07:13PM (Drive H) |
| Disk | SanDisk | Cruzer_Mini | SanDisk Cruzer Mini USB Device | 05/27/08 08:12:15AM (Drive E) |
| Disk | SanDisk | Cruzer_Mini | SanDisk Cruzer Mini USB Device | 05/30/08 08:43:43AM (Drive F) |

#(Drive F-Most Recent)

* These devices identify as Iomega USB 2.0 Hard Disk Drives.

**RESPONSE:**

6.     Produce a true and correct copy of all documents relating or referring to all policies,

procedures, and other efforts implemented by Bally and/or Sheehan to prevent the disclosure and/or use of the proprietary 24 Hour Fitness trade secrets and other confidential information as described in paragraph 10 of the Amended Complaint.

**RESPONSE:**

7.     Produce electronic images, in the EnCase image format, of any electronic media containing electronic files created by Sheehan from 2007 to the present, including but not limited to work computer(s) for Sheehan, servers, mainframes, network file systems, workstations, laptop computers, personal digital assistants (PDAs), personal or home computers, private branch exchange (PBX), voice mail, digital printers or copiers, cell phones, backup media, CD-ROMs, DVDs, floppy diskettes, zip disks, tape archives, removable hard drives, flash or "thumb" drives, digital camera media, and all other electronic media containing information existing or stored that contain electronic files.

**RESPONSE:**

\*       \*       \*

Date:   July ___, 2008            Respectfully submitted,

Plaintiff 24 Hour Fitness USA, Inc.

By: _____
*An Attorney for Plaintiff 24 Hour Fitness USA, Inc.*

**R. Mark Halligan (IL 6200723)**
mark.halligan@lovells.com
**Deanna R. Swits (IL 6287513)**
deanna.swits@lovells.com
**LOVELLS LLP**
330 N. Wabash Avenue
Suite 1900
Chicago, IL  60611
Tel:  312 832 4400
Fax:  312 832 4444

*Attorneys for Plaintiff 24 Hour Fitness USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08 cv 3853 |
| v. | ) ) ) | |
| BALLY TOTAL FITNESS HOLDING CORP., a Delaware corporation, and MICHAEL SHEEHAN, an individual, | ) ) ) ) | Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Morton Denlow |
| Defendants. | ) ) ) ) | |
| _____ | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS TO
DEFENDANT BALLY TOTAL FITNESS HOLDING CORP.
<u>FOR THE PRODUCTION OF DOCUMENTS AND THINGS</u>**

Plaintiff 24 Hour Fitness USA, Inc. (referred to herein as "24 Hour Fitness"), by and through its attorneys, Lovells LLP, pursuant to Federal Rule of Civil Procedure 34 hereby requests that Defendant Bally Total Fitness Holding Corp. produce the following documents and things in its possession, custody, or control at the offices of Lovells LLP at 330 North Wabash, Suite 1900, Chicago, Illinois 60611, within fourteen (14) days of the date of service.

<u>DEFINITIONS AND INSTRUCTIONS</u>

1.      The term "Sheehan" shall refer to Defendant Michael Sheehan including his attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on his behalf.

2.      The terms "you," "your," and "Bally" shall refer to Defendant Bally Total Fitness Holding Corp. including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on its behalf.  The term "Bally personnel" shall refer to Defendant Bally Total Fitness Holding Corp.'s present and former officers, directors, employees, attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on its behalf.

3.      The term "24 Hour Fitness" shall refer to Plaintiff 24 Hour Fitness USA, Inc., including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

4.      The phrase "Proprietary 24 Hour Fitness Trade Secrets and Other Confidential Information" refers to proprietary information and confidential methods and techniques developed by 24 Hour Fitness related to the development and management of fitness centers, including but not limited to:  proprietary and confidential critical market strategies, including 24 Hour Fitness's Three Year Strategic Plan, updated annually; proprietary and confidential growth plans for new geographic markets; proprietary and  confidential market segment development planning; proprietary and confidential market performance data and market reorganization planning; proprietary and confidential platform expansion planning intended to utilize the Internet and other resources to facilitate memberships; proprietary and confidential marketing strategy related to advertising, marketing partnerships and marketing tie-ins with non-traditional media; proprietary and confidential compensation and personnel data; confidential litigation strategy; proprietary and confidential financial planning strategies; proprietary and confidential

budgeting strategies; confidential information regarding revenues; confidential sales figures relating to all aspects of 24 Hour Fitness' business; confidential relationships with key vendors; and the proprietary and unique confidential combinations and compilations of the above information relating to the 24 Hour Fitness successful business model and operations strategy.

5.    The term "person" means the plural as well as the singular and includes any natural person and/or corporations, companies, associations, partnerships, firms, governmental bodies, hospitals, charitable institutions, or any other organization or entity.

6.    The term "document" means, but is not limited to, the original and any non-identical copy of any written, printed, or graphic material, photographic matter, sound reproduction, or computer input or output (whether image, data, or code), including any correspondence, teletype message, memorandum of oral statements, conversations, and/or events, letters, emails, facsimiles, telegrams, personnel files, notes, reports, compilations, studies, tabulations, tallies, maps, diagrams, plans, pictures, records, securities, certificates, certificates of deposit, or agreements, however produced, reproduced or recorded, whether physically, mechanically, or electronically, which : (1) is now or was formerly in the possession, custody, or control of Defendant Bally, or (2) is known or believed to be responsive to these requests, regardless of who now has or formerly had custody, possession, or control.

7.    The term "electronic media" means, but is not limited to video, CD-ROM, DVD, floppy diskette, tape, zip disk, thumb drive, or recording.

8.    If any document would be responsive to any request, and the document was at one time in existence, but has been lost, discarded, or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

a.    the type of document;

3

b.        its date;

c.        the date or approximate date it was lost, discarded, or destroyed;

d.        the reason or reasons for disposing of the document (if discarded or destroyed);

e.        the circumstances and manner in which it was lost, discarded, or destroyed;

f.        the identity of any and all person(s) authorizing or having knowledge of the circumstances surrounding the disposal of the document;

g.        the identity of any and all person(s) who lost, discarded, or destroyed the document; and

h.        the identity of any and all person(s) having knowledge of the contents thereof.

9.      The words "identity" or "identify," when used with regard to a person, require that the full name, address, and telephone number of such person be provided, together with the identity of said person's employer, business address, and business telephone number.  When used with regard to a business organization, "identity" or "identify" require that that organization's name and business address be stated.

10.     The words "identify," "identity," or "identification," when used in reference to a document, mean that the respondent is required to state its date, its subject matter and substance, its author and each addressee and copy, and type of document (e.g., letter, memorandum, telegram, chart, computer input or output, photograph, sound reproduction, etc.) or, if the above information is not available, some other means of identifying it, and its present location and the name of each of its present custodians.

11.     "Relate" or "relating" means and includes contain or containing, constitute or constituting, refer or referring, describe or describing, discuss or discussing, and record or recording.

12.    "Date" means the exact day, month, and year if ascertainable, or if not, the best available approximation (including relationship to other events).

13.    "Communication" means the transmittal of information, including but not limited to, documents, writings, recordings, correspondence, computer files and printouts, and electronic mail.

14.    In the event that Defendant Bally wishes to assert either attorney-client privilege, work-product exclusion, and/or any other privilege as to any document for which identification and production is requested by any of the following specific document requests, then as to each document subject to such assertion, Defendant Bally is requested to provide such identification to include:

a.    the nature of the document;

b.    the sender, the author, and the recipient(s) of any and all copies;

c.    the date of the document;

d.    the name of each person to whom the original or any copy was circulated;

e.    the names appearing on any circulation list of Defendant Bally associated with such document;

f.    a summary statement of the subject matter(s) of such document in sufficient detail to enable the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion; and

g.    a separate indication of the basis for assertion of privilege or the like for each such document.

## REQUESTS FOR PRODUCTION

1.     Produce a true and correct copy of any and all phone records of individuals identified in response to Interrogatory No. 1 of Plaintiff's First Set of Interrogatories to Defendant Bally Fitness Holding Corp., including but not limited to any home phone or cellular phone records showing the communications referenced in Interrogatory No. 1, from 2007 to the present.

**RESPONSE:**

2.     Produce a true and correct copy of any and all communications by and between Bally and Sheehan, including but not limited to letters, emails, facsimiles, memoranda, agreements, and communications in which Sheehan or Bally is a TO:, CC:, or BCC: recipient.

**RESPONSE:**

3.     Produce a true and correct copy of any and all documents and communications that relate or refer to any projects or meetings at Bally with which Sheehan has been involved relating to any and all corporate business divisions, including but not limited to, administration, marketing/sales, finance and accounting, and operations.

**RESPONSE:**

4.      Produce a true and correct copy of any and all documents and communications that relate or refer to Bally's recruitment and/or employment of Sheehan, including but not limited to, travel expenses, itineraries, interview notes, resumes, expense reimbursements, any and all communications with executive recruiters or other agents or persons involved in the employment offer and decision, or any other form of communication that is a tangible thing, including electronic media.

**RESPONSE:**

5.      Produce a true and correct copy of any and all documents, electronic media, and other things in your possession, custody or control that were taken, not returned, downloaded, copied, transferred, or derived from 24 Hour Fitness.

**RESPONSE:**

6.      Produce a true and correct copy of any and all documents relating or referring to policies and procedures implemented by Bally and/or Sheehan to prevent the disclosure by Sheehan and the use of the proprietary 24 Hour Fitness trade secrets and other confidential information as described in paragraph 10 of the Amended Complaint.

**RESPONSE:**

7.     Produce electronic images, in the EnCase image format, of any electronic media containing electronic files created by Sheehan from 2007 to the present, including but not limited to work computer(s) for Sheehan, servers, mainframes, network file systems, workstations, laptop computers, personal digital assistants (PDAs), personal or home computers, private branch exchange (PBX), voice mail, digital printers or copiers, cell phones, backup media, CD-ROMs, DVDs, floppy diskettes, zip disks, tape archives, removable hard drives, flash or "thumb" drives, digital camera media, and all other electronic media containing information existing or stored that contain electronic files.

**RESPONSE:**

*     *     *

Date:   July ____, 2008         Respectfully submitted,

Plaintiff 24 Hour Fitness USA, Inc.

By: _____
*An Attorney for Plaintiff 24 Hour Fitness USA, Inc.*

**R. Mark Halligan (IL 6200723)**
mark.halligan@lovells.com
**Deanna R. Swits (IL 6287513)**
deanna.swits@lovells.com
**LOVELLS LLP**
330 N. Wabash Avenue
Suite 1900
Chicago, IL  60611
Tel:  312 832 4400
Fax:  312 832 4444

*Attorneys for Plaintiff 24 Hour Fitness USA, Inc.*