IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**24 HOUR FITNESS USA, INC.,**
a California corporation,

**Plaintiff,**

v.

**BALLY TOTAL FITNESS HOLDING CORP.**, a Delaware corporation, and **MICHAEL SHEEHAN**, an individual,

**Defendants.**

Civil Action No. 08 CV 3853

Judge Joan Humphrey Lefkow
Magistrate Judge Morton Denlow

**OPPOSITION OF DEFENDANTS, MICHAEL SHEEHAN AND
BALLY TOTAL FITNESS HOLDING CORPORATION, TO MOTION OF PLAINTIFF,
24 HOUR FITNESS USA., INC., FOR HEARING ON AT LEAST 59 DAYS' NOTICE ON
ITS MOTION FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED
DISCOVERY IN AID OF THAT MOTION**

**I.     INTRODUCTION**

Defendants, Michael Sheehan and Bally Total Fitness Holding Corporation ("Defendants"), submit this joint opposition to the motion of plaintiff, 24 Hour Fitness USA., Inc. ("24 Hour" or "Plaintiff"), seeking a hearing on at least 59 days' notice on Plaintiff's motion for a preliminary injunction, and for what Plaintiff has characterized as "expedited" discovery in aid of that motion. As set forth below, Defendants submit that the Court should decline to

schedule a hearing on Plaintiff's motion in light of Plaintiff's blatant forum shopping, which is nothing more than an attempt to avoid certain defeat in the California court that Plaintiff initially selected as its chosen forum. If the Court sets a hearing on the motion, Defendants submit that the hearing should be conducted in no more than ten days, and that discovery, if permitted at all, be limited to no more than two depositions per party of no more than seven hours each.

## II.   PROCEDURAL BACKGROUND

Plaintiff is engaging in blatant and impermissible forum-shopping. Its underlying complaint and the pending motion fail to disclose that: (1) Plaintiff had previously filed an action (the "California Action") in the Superior Court of the State of California for the County of Contra Costa, against defendant Michael Sheehan, seeking an injunction restraining Sheehan from commencing employment with Bally Total Fitness Holding Corporation ("Bally") on July 1, 2008 and maintaining that employment; (2) the California action, like the instant one, also purported to state claims for misappropriation of trade secrets on an inevitable disclosure theory; (3) in the California Action, the Superior Court of the State of California *denied* Plaintiff's *ex parte* application for a temporary restraining order preventing Sheehan from working for Bally; (4) at Plaintiff's request, the Superior Court of the State of California set a hearing on a preliminary injunction for July 15, 2008, the date Plaintiff intends to appear in this Court on the instant application; (5) Plaintiff did *not* seek expedited discovery of any kind in aid of the motion for a preliminary injunction in the California Action; (6) Plaintiff dismissed the California Action without prejudice just last week; (7) Plaintiff abandoned its motion for a preliminary injunction in the California Action; and (8) on the same day as Plaintiff voluntarily dismissed the California Action and caused that court to vacate its scheduled hearing on a motion for

preliminary injunction, Plaintiff filed the instant action in this Court. Although certain of the labels for the causes of action differ, the two lawsuits have (or, in the case of the California Action, had) as their primary purpose preventing Michael Sheehan from working as Bally's Chief Executive Officer. Sheehan is currently employed in that position at Bally. He commenced that employment on July 1, 2008.

The specific facts germane to this dispute are as follows. On June 27, 2008, 24 Hour Fitness USA., Inc. and 24 Hour Fitness Worldwide, Inc., filed case number C 08-01663 in the Superior Court of the State of California for the County of Contra Costa against defendant, Michael Sheehan and one hundred fictitiously named defendants, purporting to state claims for: (1) misappropriation of trade secrets under Cal. Civ. Code Section 3426, California's version of the Uniform Trade Secrets Act; (2) breach of employment agreement; (3) breach of stockholder's agreement; (4) unfair business practices under California Business and Professions Code Section 17200 et seq.; and (5) injunctive relief. (A true and exact copy of that Complaint is attached as Exhibit A to the accompanying Request for Judicial Notice.) The prayer of the Complaint sought extensive relief, including an order enjoining Sheehan from assuming the position as CEO of Bally, competing with 24 Hour Fitness, soliciting employees or vendors of 24 Hour Fitness, "directly or indirectly owning an interest in, operating, joining, beginning, controlling, advising, consulting with, rendering services to, or otherwise participating in or working for or on behalf of Bally," and using disclosing or disseminating any of 24 Hour Fitness' trade secret information or Confidential or Proprietary Information. The Superior Court action also sought a preliminary and permanent injunction, attorney fees, and costs of suit.

On the same day as Plaintiffs filed the California Action and fewer than 24 hours after they gave oral notice of their intention to do so, Plaintiffs presented an *ex parte* application for a temporary restraining order and an order to show cause re preliminary injunction in the Superior Court of the State of California for the County of Contra Costa.  In that application, Plaintiffs claimed that unless the Court issued a temporary restraining order immediately, irreparable harm would result.  (A true and exact copy thereof is attached as Exhibit B to the accompanying Request for Judicial Notice.)  The *ex parte* application was supported by a declaration from Carl Liebert, the Chief Executive Officer of 24 Hour, as well as by the Complaint that Liebert had verified under penalty of perjury.  (A true and correct copy thereof is attached as Exhibit F to the accompanying Request For Judicial Notice.)   Like the Complaint, the *ex parte* application for a temporary restraining order sought to preclude Sheehan from working for Bally.

As Plaintiff had not favored Defendants with copies of *any* of Plaintiffs' papers before Plaintiffs appeared for the June 27 hearing on the *ex parte* application, the Court continued the hearing until the next business day, June 30, 2008, in order to allow Sheehan and his counsel an opportunity to respond.  Sheehan filed an extensive opposition, with supporting declarations, on the morning of June 30, in accordance with the leave granted by the Court.  (True and correct copies thereof are attached as Exhibits I and J to the accompanying Request for Judicial Notice.)  Sheehan's opposition correctly noted, among other things, that Plaintiffs had not presented any competent, admissible evidence showing any misappropriation of trade secrets, that Sheehan and 24 Hour Fitness USA, Inc. had agreed in their employment agreement that California law controls in any employment-related dispute between them, that the State of California bars the enforcement of non-compete provisions, except upon circumstances not present, and that the

"inevitable disclosure doctrine" upon which Plaintiffs relied had been rejected by the California courts as an "end run" around the public policy of the State of California refusing to enforce non-compete provisions. Sheehan also submitted declarations attesting to the fact that he had not taken any trade secret information from Plaintiffs, had not furnished such information to Bally, and did not intend to do so at any time. (*Id.*)

On June 30, 2008 at 2:00 p.m., the Superior Court conducted a hearing on Plaintiffs' application for a temporary restraining order and request for an order to show cause re preliminary injunction. After extensive argument, the Court *denied* Plaintiffs' application for a temporary restraining order and set a hearing on July 15 on Plaintiffs' request for a hearing on a preliminary injunction. (A true and exact copy thereof of the Court's order is attached as Exhibit Q to the accompanying Request for Judicial Notice.) At no time during or after the hearing did Plaintiff request that the Court permit expedited discovery in aid of the motion for a preliminary injunction.

Without notifying Sheehan or his counsel of their intention to do so, on July 7, 2008, Plaintiffs dismissed without prejudice the California Action, and caused the Court to vacate the July 15 hearing on a preliminary injunction that the Court had set at Plaintiffs' own request, in response to Plaintiffs' claim that irreparable harm would otherwise result. (A true and exact copy of the Request for Dismissal is attached as Exhibit R to the accompanying Request for Judicial Notice.) Also without notifying Defendants or their counsel of their intention to do so, Plaintiffs immediately thereafter filed the instant action. Rather than relying upon California's version of the Uniform Trade Secrets Act, the pending action relies upon its Illinois corollary,

5

765 ILCS 1065/1 et seq., and also asserts claims for breach of fiduciary duty. Like the California Action, the instant action relies upon the theory of "inevitable disclosure" and posits that defendant, Michael Sheehan, cannot possibly be employed by Bally without reliance upon Plaintiff's trade secrets. This action, also like the California Action, has as its object preventing Sheehan from working for Bally (notwithstanding the fact that he is already employed by Bally). The instant action also names Bally as a defendant.

### III.   ARGUMENT

#### A.   This Court Should Decline to Schedule a Hearing on Plaintiff's Motion For Preliminary Injunction

As set forth extensively above, Plaintiff has already availed itself of the jurisdiction of the California courts in seeking to illegally bar Sheehan from working for Bally. Having lost their initial round in the California Action, and squarely presented with sound legal precedent that would have certainly resulted in a second loss at the preliminary injunction hearing in California (and would have exposed the Plaintiff to significant liability on account of counterclaims that likely would have been asserted by Sheehan in the California Action), the Plaintiff now is scrambling to effectively transfer their proceeding to what it perceives will be a more favorable jurisdiction.[1]

Apparently Plaintiff is of the belief that dismissing the California Action and proceeding in this Court will bring about an outcome more to its liking. Being unable to convince a California court that the inevitable disclosure doctrine should be applied in this instance, Plaintiff

---

[1] Defendants strongly dispute that the doctrine of inevitable disclosure is applicable to the facts in the instant action and dispute that Plaintiff is entitled to the relief sought from this Court.

unabashedly seeks a different result from this Court under Illinois law.  Plaintiff ignore the fact that the parties had agreed in writing that California law controls disputes of this kind, and further ignores the fact that Plaintiff's CEO, Carl Liebert had sworn in a verified complaint in the California Action that California law controls.

Under this Court's choice of law provisions, the lawsuit against Sheehan is controlled by California law.  "A federal court sitting in diversity applies the choice of law rules of the state in which it sits."  Frederick v. Simmons Airlines, 144 F.3d 500, 503.  Under Illinois law, the choice of law provision contained in a contract will usually be respected by the courts.  See Sound of Music Co. v. 3M, 477 F.3d 910, 915 (7th Cir. 2007).  Sheehan's employment agreement with Plaintiff provided that it was to "be governed by and construed and enforced in accordance with the laws of the state applicable to Agreements made and to be performed entirely in the State of California."  (Request for Judicial Notice, Exhibit A, Exhibit A thereto, p. 6).  The activity giving rise to this action – Sheehan's employment with Plaintiff and resignation from the company – occurred in California.  Yet, Plaintiff, having been unsuccessful in its California Action, now seeks to apply Illinois law that it perceives as more favorable to its claims.  This is obvious forum shopping, and Court should reject Plaintiff's invitation to apply Illinois law.

This Court should not reward Plaintiff for this baseless forum shopping, which would result in an unnecessary drain on this Court's resources, to resolve a case that is clearly based on California law.

**B.     If Scheduled, A Hearing On Plaintiff's Motion for Preliminary Injunction Should Be Conducted Within Ten Days**

Plaintiff seeks a hearing on a motion for preliminary injunction in no fewer than 59 days (i.e., at least 45 days after the completion of discovery, with answers to written discovery being due 14 days from now), notwithstanding its assertion that "24 Hour Fitness has and continues to suffer irreparable harm due to the defendants' wrongful conduct...." (Motion, para. 2). Indeed, Plaintiff seeks a leisurely pace on its "emergency" motion despite the fact that a hearing on its motion for a preliminary injunction would have been conducted by the date of this hearing if Plaintiff had not abandoned the California Action and repudiated the hearing on a preliminary injunction that the California court had set at Plaintiff's behest. If the situation is the dire emergency that Plaintiff depicts in its Complaint and moving papers, a hearing should be held at the earliest possible time, not at least two months from now.

During the California proceedings, all parties had submitted extensive evidence in the form of declarations, and Plaintiff's own Chief Executive Officer, Carl Liebert, had sworn to *all* of the factual averments of the Complaint by verifying it under penalty of perjury. As set forth above, during the California state court proceedings, Plaintiff had never suggested, much less requested, the opportunity to engage in expedited discovery in advance of the hearing on a preliminary injunction. As Plaintiff was armed with all the evidence it supposedly needed to prosecute the claim for the preliminary injunction in California, and there was an extensive exchange and filing of evidence in connection with the TRO proceedings, there is certainly no justification for the 59 day delay that Plaintiff seeks at this point.

Whatever its tactical objectives may be, Plaintiff's forum-shopping certainly does not justify the extraordinary delay that Plaintiff seeks. As Defendants are eager to remove the cloud on Michael Sheehan's employment at Bally that Plaintiff has created, Defendants submit that the Court should reject Plaintiff's dilatory tactics and instead set a hearing on a motion for preliminary injunction at the earliest possible time and no more than ten days from now. In light of the previous proceedings in California, where extensive evidence was exchanged, no party could possibly be prejudiced by this result and, if Plaintiff's contentions are correct, it will be spared the "irreparable harm" that it alleges it "has and continues to suffer." (Motion, para. 2).

C. **Discovery In Advance Of The Preliminary Injunction Hearing Should Be Limited To Two Depositions Per Party Of No More Than Seven Hours Each.**

In its Motion, Plaintiff discloses its true intentions for seeking an extensive delay on a hearing on its supposed emergency motion. Plaintiff desires to embroil Defendants in a maelstrom of discovery having as its effect, if not its intent, disrupting Sheehan and the other deponents from their efforts to run a business enterprise that competes with Plaintiff. In this vein, Plaintiff argues in the Motion that it must be permitted to take seven depositions "not unlimited to time" as part of what it euphemistically characterizes as its "expedited" discovery narrowly tailored to the preliminary injunction hearing. (Memorandum in Support of Motion, p. 5). The targeted deponents include the Chairman of Bally's Board of Directors, its Chief Operating Officer, its Chief Marketing Officer and Senior Vice President for Sales, its Senior Vice President of Financial and Corporate Development, its current Chief Executive Officer (defendant, Michael Sheehan), and any recruiter used by Bally and/or Sheehan in connection with Sheehan's placement as Bally's CEO. Many of these individuals had little, if anything, to do with Plaintiff's hiring at Bally. If Plaintiff were permitted to distract these individuals from the performance of their job duties, Plaintiff will succeed in causing the virtual shutdown of

9

Bally's entire executive team. While this may be Plaintiff's means of retaliating for Bally's hiring decision, it is a wholly impermissible use of the discovery procedures.

Equally inappropriate are the interrogatories and document requests that Plaintiff seeks to have responded to in 14 days as part of what Plaintiff characterizes as its "limited discovery." Despite the fact that 24 Hour is Bally's close competitor, one such interrogatory, for example, purports to require Bally to "identify with specificity the Bally personnel who have directly worked and/or had contact with Sheehan and describe with detail the nature of that work and/or contact." (Proposed Interrogatory no. 4). A proposed document request directed to Sheehan purports to require him to produce "a true and correct copy of any and all documents and communications that relate or refer to any projects or meetings at Bally with which Sheehan has been involved relating to any and all corporate business divisions, including but not limited to, administration, marketing/sales, finance and accounting, and operations." (Proposed document request to Sheehan no. 3). Yet another proposed document request would require him to produce all of his telephone records from 2007 to the present. (Proposed document request to Sheehan no. 1). Another request seeks to require Sheehan to produce all communications of any kind between Bally and Sheehan, not limited to time or subject matter. (Proposed document request to Sheehan no. 2). Another request purports to require Sheehan to produce electronic images in the EnCase image format of all electronic files created by Sheehan from 2007 to the present, not limited to subject matter or recipients. The proposed document requests to Bally are equally invasive and, in many respects, are the mirror image of those directed to Sheehan.

It is plain that Plaintiff intends to use discovery as a weapon, not as a legitimate means of attempting to gain necessary information for the preliminary injunction hearing that Plaintiff has requested.  The extraordinary volume of discovery that Plaintiff seeks should not be permitted in light of, among other things, (a) the exchange of evidence that has already occurred in the state court proceedings in California; (b) the fact that Carl Liebert, Plaintiff's CEO, has already sworn to all of the facts supporting the complaint in the California action; (c) the fact that Plaintiff did not see fit to ask for any expedited discovery in connection with its efforts in California to secure a preliminary injunction, and (d) the fact that the hearing on the preliminary injunction request would have been conducted in California on July 15 if Plaintiff had not abandoned that proceeding to engage in forum-shopping.  If Plaintiff is correct and a true emergency is occurring and ongoing, a vast amount of discovery, including "apex" depositions of unlimited duration, is inconsistent with the exigency that Plaintiff claims exists.

Given the foregoing, Defendants submit that if the Court permits any expedited discovery at all in advance of a hearing on a preliminary injunction, it should be limited to no more than two depositions per party of no more than seven hours each.

## IV. CONCLUSION

Based upon the foregoing, Defendants submit that the Court should decline to schedule a hearing on Plaintiff's motion for a preliminary injunction.  If the Court sets a hearing date on Plaintiff's motion for preliminary injunction, Defendants submit that the hearing should be no more than ten days from the date of this appearance and that expedited discovery, if permitted at all, be limited to no more than two depositions per party of no more than seven hours each.

11

Dated: July 14, 2008                             WINSTON & STRAWN LLP


                                                 By:      /s/Kimball R. Anderson
                                                      Kimball R. Anderson
                                                      WINSTON & STRAWN LLP
                                                      35 West Wacker Drive
                                                      Chicago, IL  60601-9703
                                                      Tel:    (312) 558-5600
                                                      Fax:    (312) 558 5700
                                                      kanderson@winston.com

                                                      Attorneys for Defendants
                                                      MICHAEL SHEEHAN
                                                      and BALLY TOTAL FITNESS
                                                      HOLDING CORPORATION

**CERTIFICATE OF SERVICE**

        The undersigned, one of the attorneys for Defendants Michael Sheehan and Bally Total Fitness Holding Corporation, hereby certifies that he has caused a true and correct copy of the foregoing OPPOSITION OF DEFENDANTS, MICHAEL SHEEHAN AND BALLY TOTAL FITNESS HOLDING CORPORATION, TO MOTION OF PLAINTIFF, 24 HOUR FITNESS USA., INC., FOR HEARING ON AT LEAST 59 DAYS' NOTICE ON ITS MOTION FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY IN AID OF THAT MOTION to be served via the Court's ECF filing system, this 14th day of July, 2008, addressed to:

R. Mark Halligan
Mark.Halligan@lovells.com
Deanna R. Swits
Deanna.swits@lovells.com
LOVELLS LLP
330 N. Wabash Avenue
Suite 1900
Chicago, IL  60611
Tel:  312-832-4400
Chicago, IL 60611

     _____/s/ Kimball R. Anderson_____