IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | Civil Action No. 08 cv 3853 |
| v. | ) ) | |
| BALLY TOTAL FITNESS HOLDING CORP., a Delaware corporation, and MICHAEL SHEEHAN, an individual, | ) ) ) ) | Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Morton Denlow |
| Defendants. | ) ) ) ) | |

**OBJECTION AND RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR <u>EXPEDITED DISCOVERY AND PRELIMINARY INJUNCTION</u>**

Plaintiff 24 Hour Fitness USA, Inc. ("24 Hour Fitness"), by and through its attorneys, hereby objects and responds to Defendants' Request for Judicial Notice submitted in support of its Opposition to Plaintiff's Motion for Expedited Discovery and Preliminary Injunction. Defendants do not state to what extent they seek judicial notice of the documents therewith, consisting of records of the Superior Court of the State of California for the County of Contra Costa. While Plaintiff does not object to this Court taking judicial notice for the limited purpose of recognizing the fact of such litigation and related filings, Plaintiff does object to the extent that Defendants seek for this Court to take judicial notice of the truth of the matters stated within those filings. Furthermore, Plaintiff dismissed voluntarily, and without prejudice, the case

1

reflected in those documents, and that case has no res judicata or collateral estoppel effect on the instant action.

"A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." FED. R. EVID. 201(e) (2008); *see also In re Cenco Inc. Sec. Litig.*, 601 F. Supp. 336, 340 (N.D. Ill. 1984) (plaintiff's motion for hearing under Fed. R. Evid. 201(e) granted). As a matter of due process, courts should give the parties notice and an opportunity to be heard before judicial notice is taken. *Kaczmarczyk v. INS*, 933 F.2d 588, 596 (7th Cir. 1991) ("fairness concerns'" underlie provisions for hearing when court takes judicial notice). Furthermore, the party requesting notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice. *See McColm v. Restoration Group, Inc.*, 2007 U.S. Dist. LEXIS 36478 (E.D. Cal. May 18, 2007); *In re Tyrone F. Conner Corp.*, 140 B.R. 771, 782 (Bankr. E.D. Cal. 1992).

Plaintiff does not object to the Court's taking of judicial notice of the fact of the litigation and related filings submitted by Defendants, as such notice is unquestionably proper for this Court to take. Defendants, however, did not specify to what extent they sought for this Court to take judicial notice of the records attached to Defendants' submission. As this Court, and many other courts have recognized, documents generally may not be judicially noticed for the truth of the matters stated in them, and courts will not take judicial notice of factual propositions that are subject to reasonable dispute, even if they appear as allegations in pleadings, trial testimony, or findings of fact in judgments. *Green Tree Fin. Corp. v. Honeywood Dev. Corp.*, 2001 U.S. Dist. LEXIS 654, *9 n.4 (N.D. Ill. Jan. 19, 2001) (Lefkow, J.) ("In any event, the court is not taking judicial notice of the [arbitration] Order for the purpose of establishing the truth of matters asserted in the arbitration.") (*citing General Elec. Capital Corp. v. Lease Resolution Corp.*, 128

F.3d 1074, 1081 n.6 (7th Cir. 1997) (noting conservative view of judicial notice and citing, *inter alia, Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("a court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'"))); *accord, Nolte v. Capital One Finance Corp.*, 390 F.3d 311, 317-318 (4th Cir. 2004) (filing of SEC complaint against former corporate officer was indisputable fact subject to judicial notice, but facts alleged in complaint were not subject to notice); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (taking judicial notice of another court's opinion, not for truth of facts in that opinion, but for its existence); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that district court erred in noticing findings of fact from related court proceeding, as court "may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation"); *In re Armorflite Precision, Inc.*, 48 B.R. 994, 996-997 (Bankr. D. Me. 1985) (bankruptcy court properly refused to take judicial notice of debtor's financial statement, even though filed with court, because "admissions" in question "might well have been the subject of dispute or explanation")

The documents submitted here, including an Application for a Temporary Restraining Order, a Complaint, and the responsive pleadings and supporting documents thereto, are properly noticed only for the fact that such litigation and filings occurred, not for the truth of the matters asserted within those documents. *General Elec. Capital Corp.*, 128 F.3d at 1081; *ABN Amro, Inc. v. Capital Int'l Ltd.*, 2007 U.S. Dist. LEXIS 19601, *24-26 (N.D. Ill. Mar. 16, 2007) ("The state complaint is a source 'whose accuracy cannot be reasonably questioned,' in the sense that the document filed in the state court can be reliably assumed to be irrefutable proof that a

3

complaint was actually filed.  The state complaint therefore satisfies the first requisite of Fed. R. Evid. 201(b).  However, the facts alleged in the state complaint are disputed, and therefore they do not meet the second requisite of Fed. R. Evid. 201(b)").  Because the facts in the litigation and filings submitted by Defendants are disputed, their accuracy is not indisputable and are subject to hearsay concerns.  *Id.*  ("With respect, Defendants appear to elide the hearsay aspect of taking judicial notice of another court's records...the Court may take judicial notice of the fact that Plaintiff filed a complaint in a related state court action, but the Court may not take notice of the facts alleged in the complaint for the truth of the matters asserted").

Plaintiff 24 Hour Fitness USA, Inc., therefore, requests that the Court deny Defendants' Request for Judicial Notice submitted in support of its Opposition to Plaintiff's Motion for Expedited Discovery and Preliminary Injunction to the extent that Defendants seek that the Court take judicial notice of truth of the matters stated within the submitted filings, and grant such other relief that is just and proper under the circumstances.

*   *   *

Date:   July 22, 2008

Respectfully submitted,

24 Hour Fitness USA, Inc.

/s/ R. Mark Halligan
_____

**R. Mark Halligan (IL 6200723)**
mark.halligan@lovells.com
**Deanna R. Swits (IL 6287513)**
deanna.swits@lovells.com
**LOVELLS LLP**
330 N. Wabash Avenue
Suite 1900
Chicago, IL  60611
Tel:  312 832 4400
Fax:  312 832 4444
*Attorneys for Plaintiff 24 Hour Fitness USA, Inc.*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **OBJECTION AND RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY AND PRELIMINARY INJUNCTION** was served on the below counsel by this Court's ECF notification system July 22, 2008:

>Kimball R. Anderson
>Cardelle B. Spangler
>Amanda C. Wiley
>Winston & Strawn LLP
>35 W. Wacker Drive
>Chicago, Illinois 60601
>kanderson@winston.com
>cspangler@winston.com
>awiley@winston.com
>
>John T. Gabrielides
>NBC Tower, Suite 3600
>455 North Cityfront Plaza Drive
>Chicago, IL 60611-5599
>jtg@usebrinks.com
>
>
>By: /s/ Deanna R. Swits
>*An attorney for Plaintiff 24 Hour Fitness USA, Inc.*