IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| 24 HOUR FITNESS USA, INC.,<br>a California corporation, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 08 CV 3853** |
| v. | ) | |
| | ) | |
| BALLY TOTAL FITNESS HOLDING | ) | |
| CORP., a Delaware corporation, | ) | **Judge Joan Humphrey Lefkow** |
| and MICHAEL SHEEHAN, an | ) | **Magistrate Judge Morton Denlow** |
| individual, | ) | |
| | ) | |
| **Defendants.** | ) | |


MOTION OF DEFENDANTS, MICHAEL SHEEHAN AND BALLY TOTAL FITNESS
HOLDING CORPORATION, TO DISMISS THE FIRST AMENDED COMPLAINT OF 24
HOUR FITNESS USA, INC. FOR LACK OF SUBJECT MATTER JURISDICTION
AND/OR FOR FAILURE TO JOIN A NECESSARY PARTY; SUPPORTING
DECLARATION OF MICHAEL SHEEHAN

I.      INTRODUCTION

Defendants, Michael Sheehan and Bally Total Fitness Holding Corporation

("Defendants"), submit this joint motion to dismiss the First Amended Complaint of plaintiff, 24

Hour Fitness USA, Inc. ("24 Hour USA"). This motion is brought on the grounds that 24 Hour

USA's allegations regarding subject matter jurisdiction are premised exclusively on diversity

jurisdiction, but 24 Hour USA has not established, and cannot establish, complete diversity

between the parties.

Plaintiff, 24 Hour USA, and defendant, Michael Sheehan, are both citizens of California.

This is beyond genuine dispute. 24 Hour USA has admitted that it maintains its principal place

of business in California, and the undisputed record reflects that Sheehan currently resides in

California – and more importantly – was a citizen of California at the time of the filing of 24 Hour USA's lawsuit. Accordingly, 24 Hour USA's lawsuit must be dismissed for lack of subject matter jurisdiction.

Alternatively, this case must be dismissed for a separate and independent reason. Specifically, the recent withdrawal of 24 Hour Fitness Worldwide, Inc. ("24 Hour Worldwide") from the case was improper, as it is a necessary party under Rule 19. 24 Hour Worldwide is an affiliate of 24 Hour USA, and it is a diversity destroying party insofar as both it and Bally are corporations of the State of Delaware. 24 Hour Worldwide claims to be a joint owner of all of the trade secrets at issue in this lawsuit, and 24 Hour Worldwide has asserted claims against Defendants that are identical to those asserted by 24 Hour USA. Complete relief cannot be afforded to Defendants if 24 Hour USA and 24 Hour Worldwide are permitted to split their identical claims against Defendants in different courts. If 24 Hour USA and 24 Hour Worldwide are permitted to split their claims Defendants may be subject to duplicative litigation, and may be subject to duplicative or inconsistent judicial ruling. As such, 24 Hour Worldwide is a necessary party that must be compelled to join this action pursuant to Rule 19 of the Federal Rules of Civil Procedure. Moreover, because 24 Hour Worldwide has admitted that it and Bally are both citizens of Delaware, Rule 19 requires the dismissal of this case for lack of complete diversity.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

### A.    24 Hour USA And Sheehan Are Both Citizens Of California.

Prior to the initiation of this action, 24 Hour USA and its affiliate, 24 Hour Worldwide, filed an action (the "California Action") in the Superior Court of the State of California for the County of Contra Costa, against Sheehan. In that action, 24 Hour USA and 24 Hour Worldwide

(collectively, the "24 Hour Plaintiffs") alleged, just as 24 Hour USA does in the instant case, that pursuant to the "inevitable disclosure doctrine" Sheehan is responsible for the misappropriation of trade secrets jointly belonging to both 24 Hour USA <u>and</u> 24 Hour Worldwide. (California Action, ¶¶ 14, 15.)

In the California Action, the Superior Court denied the 24 Hour Plaintiffs' *ex parte* application for a temporary restraining order preventing Sheehan for working for Bally, and set a hearing on July 15, 2008 for a motion for preliminary injunction requested by both 24 Hour Plaintiffs. Before the hearing they had requested, and in a blatant act of forum shopping, the 24 Hour Plaintiffs dismissed the California Action without prejudice and contemporaneously filed a new a complaint initiating the instant District Court action (the "Complaint").

Although certain of the labels used to identify the causes of action in the instant action differ from those used in the California Action, the two lawsuits are substantively identical. The primary purpose of both lawsuits is to prevent Sheehan from working for Bally. Moreover, the causes of action in both lawsuits arise out of the identical transactions and occurrences. The California Action and the 24 Hour Plaintiffs' original Complaint in this action are both premised on the theory that Sheehan is subject to contractual obligations that allegedly prohibit him from working for Bally. (California Action, ¶¶ 11-14; Complaint, ¶¶ 11-14.) Both complaints allege that Sheehan has misappropriated trade secrets from the 24 Hour Plaintiffs, or will inevitably do so. (California Action, ¶¶ 15, 21, 22, 24; Complaint, ¶¶ 41-44.) Both complaints allege the misappropriation of the same (but extremely vague) categories of purported trade secrets, and allege the same facts purportedly establishing that such information was maintained in confidence, is valuable, and assertedly qualifies for trade secret protection. (California Action, ¶¶ 8-10, 18, 19; Complaint, ¶¶ 10, 11, 15, 16, 24.) Both complaints allege facts indicating that

the 24 Hour Plaintiffs have a joint and collective ownership interest in all of the trade secrets purportedly misappropriated by Sheehan, and by Bally through Sheehan. *Id.*  Whereas the California Action was premised, in part, upon the California Trade Secrets Act, the instant action is premised upon its Illinois corollary, the Illinois Trade Secrets Act.  The only meaningful distinction between the California Action and the instant action was the addition of Bally as a defendant in the instant action.  The California Action did not name Bally as a defendant, but alleged that Bally was a direct and knowing beneficiary of Sheehan's alleged misappropriation. (California Action, ¶ 14.)

Although the 24 Hour Plaintiffs' original Complaint in this action alleged the existence of subject matter jurisdiction on the basis of complete diversity among the parties, this was a fraudulent averment.  (Complaint, ¶ 6.)  On the face of the Complaint, the 24 Hour Plaintiffs admitted that 24 Hour Worldwide and Bally are both citizens of Delaware (i.e., both corporations were "organized and existing under the laws of Delaware." (Complaint, ¶¶ 2-3.)

Soon after filing their Complaint, the 24 Hour Plaintiffs apparently realized the significance of their admission that they lacked complete diversity from the Defendants.  In a second act of procedural gamesmanship, on July 8, 2008, the 24 Hour Plaintiffs sought to salvage their case by filing a First Amended Complaint (or "FAC").  The First Amended Complaint was <u>identical</u> to the original Complaint, except that it withdrew 24 Hour Worldwide, an obviously non-diverse party, as a plaintiff.

The First Amended Complaint does not provide any explanation for 24 Hour Worldwide's sudden decision to withdraw its claims.  This is particularly conspicuous given that, in the California Action and the original Complaint in this Court:  (1) 24 Hour Worldwide alleged that it had a joint ownership interest in all of the trade secrets at issue in the First

Amended Complaint; and (2) 24 Hour Worldwide previously alleged that the adjudication of its rights with respect to such trade secrets was so critical and time-sensitive that it was entitled to a temporary restraining order.

It is clear that the withdrawal of 24 Hour Worldwide's claims was nothing more than a procedural maneuver intended to cure an obvious jurisdictional defect that potentially would impair their forum-shopping strategy. However, the 24 Hour Plaintiffs' maneuvering is unavailing. Despite the dismissal of 24 Hour Worldwide, the remaining plaintiff, 24 Hour USA, has failed to establish complete diversity among the parties.

In the First Amended Complaint, 24 Hour USA admits that it is a citizen of California (i.e., it is a corporation "organized and existing under the laws of the State of California, having its principal place of business [in] . . . San Ramon, California"). (FAC, ¶ 2.) 24 Hour USA then goes on to allege "on information and belief" that Sheehan is a citizen of Illinois. (FAC, ¶ 4.) This allegation "on information and belief" is legally inadequate and factually incorrect.

On July 7, 2008, the date that the 24 Hour Plaintiffs filed their original Complaint with this Court (the critical date for determining jurisdiction), and through today's date, the following facts existed that, as a matter of law, demonstrate that Sheehan is a citizen of California, just like 24 Hour USA. The following facts are indisputable and dispositive: (1) Sheehan's residence is in California, where he has lived for approximately 13 years; (2) all of Sheehan's personal property, including automobiles, is located in California (except for certain clothing and other incidental property which he uses when traveling out of state); (3) Sheehan has a California drivers license; (4) Sheehan pays taxes in California; (5) Sheehan is registered to vote in California; (6) Sheehan lives with his family in California; and (8) Sheehan has his utilities and personal services, such as phone service and mail delivery, active in California. (Declaration of

Michael Sheehan in Support of Defendants' Motion to Dismiss ("Sheehan Decl."), ¶¶ 2-8.) (A true and correct copy of the Sheehan Decl. is filed concurrently herewith.)

Plaintiff has not disputed, and cannot in good faith dispute, the veracity of any of the foregoing facts. At most, Plaintiff has alleged that at some undisclosed point in the future, Sheehan may or may establish *a* residence – but perhaps not even his primary residence – in Illinois. Such speculation about Sheehan's possible future intent is not evidence sufficient to satisfy 24 Hour USA's burden of demonstrating that, at the time the Complaint was filed, Sheehan was, in fact, already a citizen of Illinois.

### B.     The Interests And Legal Claims Of 24 Hour Worldwide Are Identical To Those Of 24 Hour USA, Such That The Adjudication Of Only One Of Their Claims Will Result In Inefficiency And Prejudice.

In the California Action, and again in the original Complaint initiating this action, 24 Hour USA and 24 Hour Worldwide alleged that: (1) they were the joint owners of all of the trade secrets at issue in the instant litigation (California Action, ¶¶ 8-10, 18, 19; Complaint, ¶¶ 10, 11, 15, 16, 24.); (2) they have identical legal claims against Sheehan and Bally (i.e., both complaints assert identical claims against identical defendants on behalf of both of the 24 Hour Plaintiffs); (3) their legal claims are premised on an identical set of operative facts (i.e., both complaints are premised on factual allegations made on behalf of both of the 24 Hour Plaintiffs); and (4) they are equally entitled to identical and overlapping remedies as a result of identical acts of alleged misappropriation by Sheehan on behalf of Bally (California Action, p. 14-15 ("Prayer for Relief"); Complaint, p. 13-14 ("Prayer for Relief")). These allegations are binding admissions demonstrating that the interests of 24 Hour USA and 24 Hour Worldwide are not only aligned, but are in fact identical.

Nevertheless, on July 8, 2008, 24 Hour USA filed a First Amended Complaint which was identical to the original Complaint in all respects, except insofar as 24 Hour Worldwide withdrew as a plaintiff. As described below, this withdrawal was improper because 24 Hour Worldwide is a necessary party. Its absence from this litigation may subject Defendants to duplicative litigation, or may potentially subject Defendants to duplicative or inconsistent obligations.

III.    **ARGUMENT**

    A.    **This Action Must Be Dismissed For Lack Of Subject Matter Jurisdiction.**

This case does not involve a federal question, so jurisdiction is proper only if there is complete diversity among the parties. *Gravdahl v. Conwell*, Case No. 00-C-0579, 2002 U.S. Dist. LEXIS 4184, at *3 (N.D. Ill. Mar. 14, 2002). Consequently, if any of the Defendants are citizens of the same state as 24 Hour USA, the First Amended Complaint must be dismissed for lack of jurisdiction. *Id.*

It is well-established that the party seeking to preserve diversity jurisdiction bears the burden of showing that it has met the complete diversity of citizenship requirement. *Gravdahl*, 2002 U.S. Dist. LEXIS 4184, at *3. In responding to a motion challenging the basis for subject matter jurisdiction, a plaintiff may not rest solely on the pleadings or allegations "based on information and belief," but must produce specific facts that show subject matter jurisdiction is proper. *Samudio v. O'Loughlin*, Case No. 96-C-2958, 1997 U.S. Dist LEXIS 3370, at 3-4 (N.D. Ill. Mar. 18, 1997). Here, the burden of proof falls squarely on the shoulders of 24 Hour USA.

A corporate entity must be considered a citizen of the state in which it was incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). In the instant case, 24 Hour USA has admitted that it is incorporated in California and maintains its

principal place of business in California. (FAC, ¶ 2.) Consequently, and as a matter of law, 24 Hour USA is a citizen of California – the same State where it originally filed suit and where its request for a restraining order was denied based on the identical facts and theories alleged in the instant action.

With respect to natural persons, the Supreme Court has held that, "in order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (internal citations omitted). For purposes of establishing diversity jurisdiction, a court determines citizenship/domicile ***as of the date of the filing of the underlying lawsuit***. *Zafar v. Matlock*, Case No. 92-C-5807, 1992 U.S. Dist. LEXIS 18264, at *2 (N.D. Ill. Dec. 2, 1992) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). A presumption exists in favor of a natural person's old, established domicile over any alleged, newly acquired domicile. *Id.* (citing *Lewis v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)). A party seeking to establish diversity cannot satisfy its burden of proof by simply alleging that the other party may intend to change its domicile at some point in the future. A domicile once established, whether by origin or choice, continues until a new domicile is actually acquired. *Koerber v. Apollo Golf, Inc.*, Case No., 93-C-711, 1993 U.S. Dist. LEXIS 1721, at * 4 (N.D. Ill. Feb. 16, 1993).

In determining if a change in domicile has actually occurred, a court considers four elements, including: (1) physical abandonment of the first domicile; (2) physical presence in the new domicile; (3) intention not to return; and (4) intent to make the new location the party's actual domicile. *Id.* Here, 24 Hour USA has not and cannot satisfy its burden to provide evidence supporting these four factors.

1.    <u>Sheehan Did Not Physically Abandon His Domicile In California.</u>

Plaintiff cannot demonstrate that as of July 7, the date of filing of the Complaint, Sheehan abandoned his domicile in California.  Sheehan owns a house in California and maintains his residence in California, where his family lives.  (Sheehan Decl., ¶ 2.)  He has no current intention of abandoning his domicile.  (Sheehan Decl., ¶ 9.)  These facts were true as of July 7 and remain true today.  *Id.*  These facts are also inconsistent with a finding that Sheehan has abandoned his domicile in California.

2.    <u>Sheehan Has Not Physically Established A New Domicile In Illinois.</u>

24 Hour USA has not provided any evidence demonstrating, as it must, that Sheehan has physically established a new domicile in Illinois as of July 7, 2008.  24 Hour USA cannot in good faith allege that Sheehan has bought a home in Illinois, has permanently moved any of his possessions to Illinois, or has established a permanent household in Illinois.  At most, 24 Hour USA has alleged that by accepting a job in Illinois, Sheehan intends to "eventually" establish a physical domicile in Illinois.  This is insufficient as a matter of law.

First, 24 Hour USA cannot prevail on its jurisdictional argument by alleging that Sheehan intends to establish a physical residence in Illinois at some undisclosed date in the future.  As described above, diversity of citizenship is established as of the date a plaintiff files its original complaint, which in this case was July 7.  *Zafar*, 1992 U.S. Dist. LEXIS 18264, at *2.  On July 1, Sheehan began working as the CEO of Bally.  In association with his responsibilities as CEO, Sheehan sometimes commutes to Illinois to perform work for Bally, but he always returns to his domicile and family in California.  (Sheehan Decl., ¶¶ 2, 5, 6.)  While in Illinois, Sheehan has stayed in hotels, but has never established any permanent residence.  (Sheehan Decl., ¶ 6.)  Sheehan never purchased or rented a residence in Illinois.  *Id.*

Second, 24 Hour USA cannot satisfy its burden of proof by relying on unsupported speculation regarding what Sheehan may or may not do at a future date. It is not a certainty that Sheehan will move to Illinois in the future. Indeed, if Plaintiff is successful with its request for injunctive relief, Sheehan may never move to Illinois. This is a prime example of why the Supreme Court has held that diversity must be established as of the date of filing of the complaint, rather than on assumptions or speculation concerning potential future events.

3.    Sheehan Has Not Manifested An Intention Not To Return To California Or An Intention To Make Illinois His New, Permanent Domicile.

A court will determine a party's intention to establish his domicile in a particular location from a totality of relevant circumstances; no single factor governs. *Gravdahl*, 2002 U.S. Dist. LEXIS 4184, at *4. Here, the totality of the circumstances reflect that as of July 7, Sheehan did not intend to abandon his domicile in California.

Sheehan has lived in California for the past 13 years. (Sheehan Decl., ¶ 2.) He owns property in California and maintains his residence in California, where his family still lives. (Sheehan Decl., ¶ 2.) The overwhelming majority of his personal property, including his clothing and automobiles, remains in California.[1] (Sheehan Decl., ¶ 2.) He is registered to vote in California, licensed to drive in California, and pays taxes in California. (Sheehan Decl., ¶ 3, 8.) His utilities and personal services, such as phone service and mail delivery, are active in California. (Sheehan Decl., ¶ 8.) All of his financial accounts are held in California banks. (Sheehan Decl., ¶ 4.) He does not own or rent property in Illinois, but maintains his home and mortgage in California. (Sheehan Decl., ¶ 2, 4, 6.) All of these factors are strong evidence that, as of July 7, Sheehan intended to maintain his home in California and did not have any present

---

[1] All of Sheehan's personal property is located in California, with the minor exception of whatever limited clothing and incidental personal items he brings when traveling outside of

intention of making Illinois his actual, permanent domicile. *Id.*; see also *Samudio*, 1997 U.S. Dist. LEXIS 3370, at 7-8.

Moreover, 24 Hour USA cannot legitimately contend that Sheehan was contractually obligated to establish a permanent residence in Illinois as of the date the 24 Hour Plaintiffs filed the original Complaint. Although Sheehan originally signed a letter agreeing to do so by July 30, 2008, Bally waived that provision prior to July 11, 2008. (Sheehan Decl., ¶ 9.) In all, 24 Hour USA has no factual basis upon which to allege that, as of July 7, Sheehan manifested a current intention to abandon his domicile in California and to make his permanent domicile in Illinois.

        4.      Based On The Foregoing Facts, This Action Must Be Dismissed Because Sheehan and 24 Hour USA Are Citizens Of The Same State.

As explained above, 24 Hour USA has failed to satisfy its burden of demonstrating that Sheehan was a citizen of Illinois as of the date of the filing of the Complaint. Rather, all admissible evidence reflects that, as of July 7, Sheehan was a citizen of California and had no present intention of abandoning such citizenship. Because Sheehan and 24 Hour USA were both California citizens as of July 7, 24 Hour USA's jurisdictional argument fails for lack of complete diversity and the First Amended Complaint must be dismissed.

**B.**    **This Action Must Also Be Dismissed For Failure To Join A Necessary Party, Whose Joinder Will Destroy Diversity And Subject Matter Jurisdiction.**

Even if we assume, *arguendo*, that Sheehan is a citizen of Illinois, 24 Hour USA's First Amended Complaint must nevertheless be dismissed for failure to join a necessary party, and a resulting lack of subject matter jurisdiction.

In the California Action, 24 Hour USA and 24 Hour Worldwide sued Sheehan collectively, alleging that they were the joint owners of all of the trade secrets that Sheehan

---

California for business or personal reasons. (Sheehan Decl., ¶ 2.)

purportedly misappropriated. (California Action, ¶¶ 8-10, 18, 19.) Subsequently, 24 Hour USA and 24 Hour Worldwide filed the Complaint initiating the instant action, in which they again alleged that they were the joint owners of all of the trade secrets that Sheehan and Bally purportedly misappropriated. (Complaint, ¶¶ 10, 11, 15, 16, 24.) Despite the subsequent withdrawal of 24 Hour Worldwide as a plaintiff, the parties' prior allegations are binding admissions, which demonstrate that pursuant to Rule 19 of the Federal Rules of Civil Procedure, 24 Hour Worldwide is a necessary party that was improperly dismissed to the material detriment of Defendants.

Rule 19(a) provides that an entity must be joined as a party if: (1) in the person's absence, any relief that is awarded may not effectively and completely adjudicate the dispute; or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action may leave any of the existing parties subject to incurring multiple or inconsistent obligations. *See* Fed. Rule Civ. Proc. 19(a); C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1604, at 38 (3d ed. 2001). Here, both tests are satisfied.

It is beyond dispute that 24 Hour USA and 24 Hour Worldwide have an <u>identical</u> interest in the subject matter of the instant dispute, such that an adjudication of the rights of one may easily have a binding effect on the rights of the other. In both the California Action and the original Complaint initiating this action, both corporate entities have admitted that: (1) both corporate entities have equal ownership in the trade secrets at issue in this lawsuit; (2) both corporate entities have allegedly been injured by identical acts of misappropriation; (3) these acts of misappropriation against both corporate entities were allegedly perpetrated by the same defendants; (4) the purported damages sustained by both corporate entities are identical; (5) the claims of both corporate entities arise out of an identical set of facts, conduct, transactions and

occurrences; and (6) the causes of action and legal theories asserted against Sheehan and Bally can be (and actually have been) asserted on behalf of both corporate entities.

Because the rights, interests, claims, and allegations of 24 Hour USA and 24 Hour Worldwide are identical, Defendants will suffer material, irreparable and unfair prejudice if 24 Hour Worldwide is not joined as a party. If 24 Hour USA's claims are rejected by this Court, 24 Hour Worldwide may nevertheless initiate another state court action alleging the identical claims against Defendants. This would necessarily and impermissibly force Defendants to participate in costly litigation with 24 Hour Worldwide that is duplicative of the current action. Under that scenario, Defendants will suffer material prejudice.

The fundamental purpose of Rule 19 is to guard against the very prejudice identified above – as well as guarding against the squandering of the courts' resources in dealing with unnecessarily duplicative litigation. Indeed, in order to invoke the protections of Rule 19, a party need not prove that prejudice will actually result if a party is not joined. Fed Rule Civ. Proc. 19(a)(2) (requiring only that the a party's interests "may" be harmed). Rather, Rule 19(a) contemplates that a party must be joined even if a there is only a "possibility" of such harm absent a party's joinder. *See, e.g., Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985).

Here, there is far more than a "possibility" that Defendants will be harmed if 24 Hour USA and 24 Hour Worldwide are permitted to split their claims. It is a certainty. Unless the identical claims of 24 Hour USA and 24 Hour Worldwide are adjudicated in a single action, it will become impossible for Defendants to determine whether they are at risk of further spurious litigation that challenges Defendants' right to enter into and sustain an employment relationship.

Put simply, Bally cannot effectively operate its business on a day-to-day basis if it is unsure whether it is allowed to consult with and rely upon the business acumen of its CEO.

Conversely, 24 Hour USA and 24 Hour Worldwide will not suffer any discernible prejudice if they are required to assert their claims in a single lawsuit. These two corporate entities previously and voluntarily elected to pursue their claims against Defendants jointly and in a single action. They refuse to do so again only in an effort to manufacture diversity jurisdiction where none truly exists. Once 24 Hour Worldwide is compelled to join this lawsuit as an indispensable party, the entire lawsuit must be dismissed for lack of complete diversity because Plaintiffs have admitted that 24 Hour Worldwide and Bally are both citizens of Delaware (i.e., both corporations are "organized and existing under the laws of the State of Delaware"). (Complaint, ¶¶ 2-3.) Plaintiffs' attempt to engage in forum shopping is not a legitimate basis for permitting 24 Hour USA to split its claims from the identical claims asserted by its affiliate, 24 Hour Worldwide.

## IV.    CONCLUSION

Based upon the foregoing, Defendants respectfully submit that the Court should dismiss this case for lack of subject matter jurisdiction because 24 Hour USA and Sheehan are both citizens of California. Alternatively, Defendants respectfully submit that the Court should

compel the joinder of 24 Hour Worldwide and subsequently dismiss this case for lack of subject

matter jurisdiction because 24 Hour Worldwide and Bally are both citizens of Delaware.


Dated:  July 23, 2008                              WINSTON & STRAWN LLP


                                    By:    /s/
                                           _____
                                           Kimball R. Anderson
                                           WINSTON & STRAWN LLP
                                           35 West Wacker Drive
                                           Chicago, IL  60601-9703
                                           Tel:     (312) 558-5600
                                           Fax:     (312) 558 5700
                                           kanderson@winston.com

                                           Attorneys for Defendants
                                           MICHAEL SHEEHAN
                                           and BALLY TOTAL FITNESS
                                           HOLDING CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **24 HOUR FITNESS USA, INC.,**<br>**a California corporation,** | ) | |
| | ) | |
| | ) | **Case No. 08 CV 3853** |
| **Plaintiff,** | ) | |
| | ) | **Judge Joan Humphrey Lefkow** |
| **v.** | ) | |
| | ) | **Magistrate Judge Morton Denlow** |
| **BALLY TOTAL FITNESS HOLDING** | ) | |
| **CORP., a Delaware corporation,** | ) | |
| **and MICHAEL SHEEHAN, an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION

I, MICHAEL SHEEHAN, DECLARE:

     1.     I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently to them.

     2.     For approximately the past 13 years, I have maintained a residence in California. My personal property, other than clothing and other items that I travel with, and my automobiles are located in California. I reside with my family in California.

     3.     I am licensed to drive in California, registered to vote in California, pay taxes in California, and maintain personal phone service in California.

     4.     The mortgage on my home is held by a bank in California. My financial accounts are located at banks in California.

     5.     I began working for Bally Total Fitness Holding Corporation ("Bally") on July 1, 2008. Since that time, I have traveled to Bally's headquarters in Chicago, Illinois, as well as other Bally locations in other states.

     6.     I stay at a hotel when I travel to Chicago. I have not purchased or rented a residence in Chicago.

7.      Every weekend, I travel back to California to be with my family. My family has not moved to Chicago.

8.      I have not transferred my drivers license, voter registration, phone service, or mail service to Illinois. I am not a resident of the State of Illinois.

9.      My initial agreement with Bally required me to move to Chicago, Illinois by July 30, 2008. The agreement, however, was modified orally prior to July 1, 2008 by an authorized member of the Bally Board of Directors. Under the modified agreement, I am not obligated to establish a local residence in Chicago until 30 days after the termination of litigation commenced against me by 24 Hour Fitness. Accordingly, at this time, I have not made any arrangements to relocate my residence to Chicago.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of July, 2008, at Chicago, Illinois.

_____
                    Michael Sheehan

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Michael Sheehan and Bally Total Fitness

Holding Corporation, hereby certifies that he has caused a true and correct copy of the foregoing

MOTION OF DEFENDANTS, MICHAEL SHEEHAN AND BALLY TOTAL FITNESS

HOLDING CORPORATION, TO DISMISS THE FIRST AMENDED COMPLAINT OF 24

HOUR FITNESS USA, INC. FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR

FOR FAILURE TO JOIN A NECESSARY PARTY; SUPPORTING DECLARATION OF

MICHAEL SHEEHAN to be served via the Court's ECF filing system, this 23rd day of July,

2008, addressed to:

R. Mark Halligan
Mark.Halligan@lovells.com
Deanna R. Swits
Deanna.swits@lovells.com
LOVELLS LLP
330 N. Wabash Avenue
Suite 1900
Chicago, IL 60611
Tel: 312-832-4400
Chicago, IL 60611

_____/s/Kimball R. Anderson_____

LA: