IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BALLY TOTAL FITNESS HOLDING CORP., a Delaware corporation, and MICHAEL SHEEHAN, an individual,<br><br>Defendants. | Civil Action No. 08 CV 3853<br><br>Judge Joan Humphrey Lefkow<br>Magistrate Judge Morton Denlow |

**OPPOSITION OF DEFENDANTS, MICHAEL SHEEHAN AND BALLY TOTAL FITNESS HOLDING CORPORATION, TO 24 HOUR USA'S, INC.'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; SUPPORTING DECLARATION OF MICHAEL SHEEHAN**

I.   INTRODUCTION

Defendants, Michael Sheehan and Bally Total Fitness Holding Corporation ("Defendants"), submit this joint opposition to the Motion for Leave to File a Second Amended Complaint Instanter filed by plaintiff, 24 Hour Fitness USA, Inc. ("24 Hour USA"). There are two reasons why 24 Hour USA's request must be denied as a matter of law.

First, 24 Hour USA's request for leave to amend must be denied because this Court lacks subject matter jurisdiction and, therefore, has no authority to grant 24 Hour USA's request. It is well established that the existence of federal subject matter jurisdiction must be disclosed in the plaintiff's original complaint. Here, 24 Hour USA's original complaint (and also its subsequent

First Amended Complaint) did not allege complete diversity among the parties or the existence of any federal question. Having failed to establish a basis for federal subject matter jurisdiction, the Court has no power to issue <u>any</u> orders – including an order permitting 24 Hour USA to further amend its complaint. As a matter of law, this Court lacks the jurisdictional authority to perform any act other than dismissing the instant action in its entirety.

Second, 24 Hour USA's request for leave to amend the complaint to include a cause of action under the Computer Fraud and Abuse Act ("CFAA") must be denied because the amendment would be futile. 24 Hour USA seeks to add a claim under the CFAA in a misguided attempt to create a federal question, and thereby purportedly create subject matter jurisdiction to rescue its defective prior Complaints. This procedural maneuver, however, is unavailing because the proposed second amended complaint ("SAC") fails to allege an actionable claim under the CFAA. Specifically, 24 Hour USA has failed to allege, and cannot allege, the essential element of permanent "damage" or "impairment" to 24 Hour USA's ability to access and use its electronic records. At best, 24 Hour USA has alleged that defendant, Michael Sheehan, made copies of particular electronic documents, and then deleted (but not permanently destroyed) those copies. Such allegations are, as a matter of law, insufficient to state a claim under the CFAA. As the proposed SAC is defective on its face and fails to establish subject matter jurisdiction, the requested amendment is futile and should be denied.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A.    <u>Relevant Procedural History</u>

Although this case has been before the Court for barely more than a month, it is already characterized by a complex web of procedural maneuvering by plaintiff, 24 Hour USA, intended to manufacture subject matter jurisdiction where none exists.

Prior to the initiation of this action, 24 Hour USA and its affiliate, 24 Hour Worldwide Fitness, Inc. ("24 Hour Worldwide"), filed an action (the "California Action") in the Superior Court of the State of California for the County of Contra Costa, against Sheehan. In that action, 24 Hour USA and 24 Hour Worldwide (collectively, the "24 Hour Plaintiffs") alleged, just as 24

Hour USA does in the instant case, that pursuant to the "inevitable disclosure doctrine" Sheehan is responsible for the misappropriation of trade secrets jointly belonging to both 24 Hour USA and 24 Hour Worldwide. (California Action, ¶¶ 14, 15.) Notably, the California Action did not allege the existence of any federal question, a claim under the CFAA, or even facts sufficient to plead a claim under the CFAA. And, just as in the California Action, the Original Complaint alleged that 24 Hour USA and 24 Hour Worldwide are joint owners of the allegedly misappropriated trade secrets.

After the Superior Court denied the 24 Hour Plaintiffs' *ex parte* application for a restraining order in the California Action, and notwithstanding the fact that the Superior Court had set a July 15, 2008 hearing on the 24 Hour Plaintiffs' request for a preliminary injunction, the 24 Hour Plaintiffs abruptly dismissed their complaint and contemporaneously initiated the instant District Court Action (the "Original Complaint") against Sheehan and an additional defendant, Bally Total Fitness Holding Corporation ("Bally"). Just as in the California Action, the Original Complaint did not allege the existence of any federal question, a claim under the CFAA, or even facts sufficient to plead a claim under the CFAA.

Although the 24 Hour Plaintiffs' Original Complaint alleged the existence of subject matter jurisdiction on the basis of complete diversity among the parties, this was a fraudulent averment. (Original Complaint, ¶ 6.) On the face of the Original Complaint, the 24 Hour Plaintiffs admitted that 24 Hour Worldwide and Bally are both citizens of Delaware (i.e., both corporations are "organized and existing under the laws of Delaware"). (Original Complaint, ¶¶ 2-3.)

Soon after filing their Original Complaint, the 24 Hour Plaintiffs apparently realized the significance of their admission that they lacked complete diversity from Sheehan and Bally (collectively, "Defendants"). In a second act of procedural gamesmanship, on July 8, 2008, the 24 Hour Plaintiffs sought to salvage their case by filing a First Amended Complaint (or "FAC"). The FAC was identical to the original Complaint, except that it withdrew 24 Hour Worldwide, an obviously non-diverse party, as a plaintiff. The FAC did not allege the existence of any

federal question, a claim under the CFAA, or even facts sufficient to plead a claim under the CFAA.

On July 24, 2008, Defendants filed a motion to dismiss 24 Hour USA's FAC. In particular, Defendants brought their motion on the grounds that: (1) even with the voluntary dismissal of 24 Hour Worldwide as a plaintiff, 24 Hour USA failed to establish complete diversity between the parties, and the FAC therefore lacked subject matter jurisdiction; and (2) 24 Hour USA failed to join an indispensable party (24 Hour Worldwide), which if joined, would destroy diversity and subject matter jurisdiction. In response, 24 Hour USA engaged in yet another procedural maneuver. Desperate to salvage its forum-shopping strategy, 24 Hour USA now seeks leave to file a second amended complaint that would include an entirely new cause of action, based on newly alleged facts, for a purported violation of the CFAA, and thereby establish federal question jurisdiction.

**B.    Undisputed Facts Relevant To 24 Hour USA's Requested Claim Under The CFAA.**

The core factual allegations asserted in support of its CFAA claim are contained in paragraphs 40 through 44 of 24 Hour USA's proposed SAC. Based exclusively on "information and belief," rather than actual facts, 24 Hour USA has alleged as follows: (1) Sheehan purportedly downloaded copies of certain unidentified electronic records to a "portable hard drive" and a "flash drive"; (2) Sheehan purportedly removed the portable hard drive and flash drive from 24 Hour USA's premises; (3) Sheehan purportedly e-mailed copies of certain unidentified electronic records to his personal e-mail account for viewing at his home office; and (4) at some unidentified point in time, either during or after his employment, Sheehan purportedly "deleted and/or otherwise destroyed" some unidentified copies of the documents he copied to external drives or e-mailed to his home. Notably, however, 24 Hour USA has acknowledged that the records that Sheehan purportedly removed, e-mailed, deleted or "otherwise destroyed" were *copies* of 24 Hour USA's electronic records rather than originals. (SAC, ¶¶ 23, 40 – collectively alleging that every Friday Sheehan would remove "copies" of records to a portable hard drive and then "destroy" them; SAC, ¶ 37 -- alleging that Sheehan

4

used a flash drive to "copy" electronic records; SAC, ¶ 42 – alleging that Sheehan e-mailed himself copies of documents, rather than removing original documents.) This is an extremely important point because absent allegations that Sheehan impaired 24 Hour USA's ability to access its original electronic records, 24 Hour USA's claim under the CFAA fails as a matter of law. Garelli Wong & Assoc. v. Nichols, 2008 U.S. Dist. LEXIS 3288 at * 12 (N.D. Ill. January 16, 2008).

In addition to acknowledging that the records Sheehan purportedly removed were copies rather than originals, 24 Hour USA has failed to provide any specificity concerning the identity or nature of the electronic records in question, the dates they were copied or deleted, or whether the records actually contained trade secret information. Sheehan, however, has provided important clarification. Specifically, Sheehan has submitted undisputed testimony demonstrating that: (1) he never permanently deleted, altered or otherwise impaired 24 Hour USA's access to or use of its electronic records; (2) all electronic records he may have removed from 24 Hour USA's premises were removed during his employment with 24 Hour USA and in order to perform his duties as an employee of 24 Hour USA; (3) any electronic records he may have deleted or altered were, in fact, deleted or altered during his employment and in a fashion that does not render the records irretrievable; (4) any electronic records he may have deleted or altered were copies of records, rather than originals; (5) prior to his termination, Sheehan returned the "flash drive" to 24 Hour USA; (6) Sheehan had two external hard drives while he worked for 24 Hour USA – one of which contained electronic records, and which he returned to 24 Hour USA before his termination, and the other which Sheehan owned, but never used and that he provided to another employee for personal use; (7) 24 Hour USA's former Chairman and CEO specifically authorized Sheehan to e-mail Electronic Records to his personal e-mail account; (8) 24 Hour USA, including its former Chairman and CEO, was aware that it was a common practice for employees of that company to e-mail electronic records to personal e-mail accounts; and (9) 24 Hour USA had a policy of authorizing, and in some cases, requiring its employees to delete e-mails and copies of electronic records. (Declaration of Michael Sheehan

("Sheehan Decl.") (a copy of which is attached hereto as Exhibit A), ¶¶ 2-12.)  In short, although it is not his obligation at this point to do so, Sheehan has provided compelling evidence demonstrating that he has never "impaired" 24 Hour USA's ability to access or use any of its electronic records.

### III. ARGUMENT

A.  **THIS COURT LACKS JURISDICTION TO GRANT 24 HOUR USA'S REQUEST FOR LEAVE TO AMEND.**

Questions of jurisdiction must be resolved before a District Court may issue any orders or grant any relief requested by the parties "since if there is no jurisdiction there is no authority to sit in judgment *of anything else*." Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 778 (2000) (emphasis added).  Indeed, absent a showing of federal jurisdiction, "the court cannot proceed *at all* in any cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-102 (1998) (emphasis added).  Without a showing of jurisdiction, "the only function remaining to the [district court] is that of announcing the fact and dismissing the cause." Id.  Thus, federal subject matter jurisdiction must exist at the time an action is commenced, *or not at all*.  Where a plaintiff has failed to establish subject matter jurisdiction after filing an original complaint, and an amended complaint is then filed as a matter of right, that plaintiff cannot ask a District Court to grant any relief – including an order granting leave to amend the complaint in order to establish a new basis for federal subject matter jurisdiction. Hon. William W. Schwarzer, Hon. A. Wallace Tashima, and Hon. James M. Wagstaffe, *Federal Civil Procedure Before Trial*, ¶ 8:410 (The Rutter Group 2007); *citing* Morongo Band of Mission Indians v. California State Board of Equalization, 858 F.2d 1376, 1380, 1381, fn.2 (9th Cir. 1988) ("a district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint"); Mobil Oil Corp. v. Kelley, 493 F.2d 784, 786 (5th Cir. 1974).  Put simply, if a District Court does not have subject matter as of the time an action is commenced, **"the court has no power but to dismiss the action."** Id.  This is the precise situation here.

The 24 Hour Plaintiffs' Original Complaint alleged that this Court's jurisdiction was premised on complete diversity among the parties. When it became apparent that the plaintiffs were not diverse from all defendants, the 24 Hour Plaintiffs attempted to manufacture jurisdiction by withdrawing 24 Hour Worldwide as a party and contending that the withdrawal established complete diversity. As explained in Defendants' Motion to Dismiss 24 Hour USA's FAC, however, the withdrawal of 24 Hour Worldwide was unavailing because: (1) Sheehan and 24 Hour USA were citizens of the same state as of the date the Original Complaint was filed; and (2) the withdrawal of 24 Hour Worldwide was improper because 24 Hour Worldwide is a necessary party.

The 24 Hour Plaintiffs have pled themselves out of federal court. Until such time as the Court determines whether the 24 Hour Plaintiffs have established federal subject matter jurisdiction, the Court lacks the authority to rule on any other matters or requests for relief, including a request for leave to amend the complaint. Vermont Agency, 529 U.S. at 778. However, once the Court concludes – as it must – that the 24 Hour Plaintiffs failed to establish federal jurisdiction at the time their action was commenced, the Court lacks the authority to perform any act other than dismissing this case. Steel Co., 523 U.S. at 93-102.[1]

In very limited circumstances, courts in the Seventh Circuit have permitted plaintiffs to file second amended complaints to cure defective allegations establishing federal court jurisdiction. However, those cases are inapposite to the current action. See, e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). Where leave to amend was granted, the court's order was premised on 28 U.S.C. § 1653, which permits such amendments if, and only if, a specific basis

---

[1] In certain circumstances, courts in the Seventh Circuit have denied a plaintiff's request to file a second amended complaint to cure inadequate allegations of federal jurisdiction on the grounds that the proposed amendment would be futile. See, e.g., Brown Leasing Co. v. F.D.I.C., 833 F.Supp. 672, 678 (N.D. Ill. 1993); Brown Leasing Co. v. Cosmopolitan Bancorp, Inc., 42 F.3d 1112, 1118 (7th Cir. 1994). These cases did not address the issue of the Court's lack of authority to grant the plaintiff's requested relief, because they did not have to do so in order to find grounds for dismissal of the case as a whole. As described below, 24 Hour USA's request for leave to amend should also be denied on the grounds that 24 Hour USA's proposed amendment is futile because it fails to adequately allege the essential elements necessary to establish any claims that would create federal question jurisdiction.

for federal jurisdiction was alleged when the action was commenced, but was alleged imperfectly. *See, e.g.,* Id. That is not the case here. When this action was commenced, the 24 Hour Plaintiffs did not allege any federal question, any claim under the CFAA, or the factual predicates necessary to allege a valid claim under the CFAA. It is widely recognized that Section 1653 does not permit amendments that seek to create jurisdiction by pleading an entirely new cause of action based on newly alleged facts. See Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 161 (2nd Cir. 1998) ("section 1653, even liberally construed, does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject matter jurisdiction for one in which there is not"); Boelens v. Redman Homes, Inc., 759 F.2d 504, 512 (5th Cir. 1985) (denying motion to amend under 28 U.S.C. § 1653 because amendment was not sought to cure technical defect, but rather, to substitute new causes of action which would create subject matter jurisdiction); Penn Millers Ins. Co. v. U.S., 472 F.Supp. 2d 705, 714-715 (E.D.N.C. 2007) ("court may not use 28 U.S.C. § 1653 or any other means to sustain a federal cause of action when the court has no subject matter jurisdiction over the original complaint") (citations omitted); Banga v. American Express Cards, 2007 WL 474182, at *3 (E.D. Cal. 2007) (a party may not use Section 1653 to amend defective allegations of jurisdictional facts).

Ultimately, the burden to establish federal subject matter jurisdiction falls squarely on 24 Hour USA's shoulders. Having failed to allege a legitimate factual or legal basis for subject matter jurisdiction when it initiated this action, the Court does not have the authority required to issue an order granting 24 Hour USA leave to attempt to manufacture jurisdiction where none currently exists.

**B.　24 HOUR USA'S PROPOSED AMENDMENT IS FUTILE, AND SHOULD THEREFORE BE DENIED.**

Even if this Court has jurisdiction to grant 24 Hour USA's motion to file a SAC, it should nevertheless deny the motion on grounds of futility. Although leave to amend is usually granted liberally, such leave is properly denied where, as here, the amendment would be futile. *Foman v.*

*Davis,* 371 U.S. 178, 182 (1962); *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994) (futile repleading includes "failing to state a valid theory of liability," and "the inability to survive a motion to dismiss") (citations omitted).

Here, the amendment requested by 24 Hour USA (*i.e.,* amending the operative complaint to include a claim under the CFAA) would be futile because the proposed SAC fails to state an actionable claim under the CFAA, and therefore fails to remedy 24 Hour USA's defective jurisdictional allegations by creating a federal question.

    1.    **24 Hour USA's Proposed SAC Does Not Plead An Actionable Claim Under The CFAA.**

The text of the CFAA is set forth in 18 U.S.C. § 1030. The CFAA is primarily a criminal statute that allows for a civil action to be brought only pursuant to subsection (a)(5)(A) of the Act, and after establishing one of the factors set forth in clauses (i) through (v) of subsection (a)(5)(B) of the Act. 18 U.S.C. § 1030(g). These subsections permit a civil action only in very limited circumstances. The civil provisions of the CFAA are not a "catch-all" intended to confer plaintiffs with a basis for forcing into the federal courts all cases involving the alleged misuse of computers. In order to plead an actionable civil claim under the Act, 24 Hour USA must allege facts demonstrating that, through unauthorized access to a protected computer system, Sheehan caused permanent "damage," and separately, "loss." 28 U.S.C. § 1030 (a)(5)(A),(B); <u>Nichols</u>, 2008 U.S. Dist. LEXIS 3288 at * 12.

The terms "damage" and "loss" are separate and distinguishable, and have distinct definitions under the Act. *Id.* The CFAA defines "damage" as "**impairment to the integrity or availability of data, a program, a system, or information**." 18 U.S.C. §1030(e)(8). To constitute damage sufficient to plead a claim under the CFAA, the purported damage must cause "some diminution in the completeness or usability of [plaintiff's] data or information." <u>Worldspan v. Orbitz</u>, LLC, 2006 WL 1069128 at *5 (N.D. Ill. April 19, 2006) citing <u>ResDev, LLC v. Lot Builders Ass'n</u>, 2005 WL 1924743 at *5 (M.D. Fla. Aug. 10, 2005). The mere taking of information does not constitute "damage" under the Act. <u>Orbitz</u>, 2006 WL 1069128 at

9

*5, cited by Nichols, 2008 U.S. Dist. LEXIS 3288 at *15; ResDev, 2005 WL 2005 WL 1924743 at *5. Quite distinct from the definition of "damage," the Act generally defines "loss" as a financial cost of at least $5,000 necessary to ameliorate damage to or the loss of use of data, a program, a computer system, or electronic information. 18 U.S.C. §1030(a)(5)(B)(i).

The core factual allegations made in support of 24 Hour USA's CFAA claim are contained in paragraphs 23, 37, 40, 41, 42, 43 and 44 of the proposed SAC. A review of these paragraphs demonstrates that 24 Hour USA has failed to allege, and cannot allege, that it suffered any permanent "impairment to the integrity or availability" of data, a program, a system or information (collectively, "Electronic Records"). Specifically, the proposed SAC alleges the following:

- In paragraphs 23, 40, 41 and 43, 24 Hour USA alleges "on information and belief" that Sheehan "downloaded, transmitted and/or removed" electronic information from 24 Hour USA's premises by copying such information onto a "portable hard drive" and a "flash drive."
- In paragraphs 37 and 42, 24 Hour USA alleges "on information and belief" that Sheehan "transmitted e-mail containing information and documents belonging to 24 Hour [USA] to his personal e-mail account, and retrieved and viewed that information . . . with his home computer."
- In paragraph 44, 24 Hour USA alleges "on information and belief" that Sheehan "deleted and/or otherwise destroyed" the information he purportedly copied onto a portable hard drive and flash drive, or sent to his personal email account.

Defendants dispute the veracity of these allegations purportedly asserted on "information and belief." However, even if the allegations are assumed to be true, they are, as a matter of law, insufficient to establish an actionable claim under the CFAA. 24 Hour USA's proposed SAC does not allege the permanent impairment of or permanent loss of access to any of 24 Hour USA's Electronic Records. Instead, the SAC simply alleges that Sheehan misappropriated

*copies* of Electronic Records, and that Sheehan may or may not have deleted one of potentially many copies of such documents. The District Court for the Northern District of Illinois, Eastern Division, considered identical allegations in the Nichols case and found them insufficient to state a viable claim under the CFAA.

In Nichols, the plaintiff brought a claim pursuant to the CFAA, alleging that after his resignation defendant "compiled significant amounts of [plaintiff's] confidential and proprietary" electronic records through unauthorized access to and use of plaintiff's computer systems. Nichols, 2008 U.S. Dist. LEXIS 3288 at *7. Plaintiff further alleged that Nichols sent this information to his personal e-mail account and/or copied it for his personal use. Id. The Northern District of Illinois, following the analyses set forth in ResDev and Orbitz, held that the mere act of copying and removing electronic information, even if it constitutes theft or misappropriation, does not rise to the level of a violation under the Act because such conduct fails to demonstrate "impairment to the integrity or availability of data, a program, a system, or information." Id. at *17.

Here, just as in Nichols, 24 Hour USA has failed to make any specific allegations concerning the permanent impairment to the integrity or availability of data, a program, a system or information. 24 Hour USA's burden to allege specific facts concerning the "impairment" of Electronic Records is not satisfied by the conclusory allegation "on information and belief" that Sheehan may have "deleted and/or otherwise destroyed" the copies he purportedly made of 24 Hour USA's information.

First, the deletion or destruction of what 24 Hour USA has characterized as "copies" of its electronic information does not result in the permanent "impairment" of 24 Hour USA's ability to access and use its Electronic Records. A copy is just that – a duplicate of an item, the deletion of which does not alter the original. *See* Airport Centers, LLC v. Citrin, 440 F.3d 418, 419-421 (7th Cir. 2006) (noting that "impairment" occurred because defendant destroyed the only copy of documents contained on a computer.) Second, Judge Posner of the Seventh Circuit has noted that there is a substantial distinction between the "deletion" of information (which is

11

typically easily recoverable, and therefore not covered by the CFAA) and the "impairment" of Electronic Records by permanent alteration or permanent erasure. Id. at 419. In Citrin, the Court noted that the mere deletion of Electronic Records (and certainly therefore also copies of such records) is not actionable under the CFAA, absent proof of permanent impairment. Id. Indeed, the Court permitted plaintiff to proceed with his case under the CFAA only because the defendant had loaded a program into his employer's computer in order to ensure that no copies of the underlying data would survive:

> Ordinarily, pressing the "delete" key on a computer (or using a mouse click to delete) does not affect the data sought to be deleted; it merely removes the index entry and pointers to the data file so that the file appears no longer to be there, and the space allocated to that file is made available for future write commands. Such "deleted" files are easily recoverable. But [defendant] loaded into the laptop a secure-erasure program, designed, by writing over the deleted files, to prevent their recovery.

Id.

In Nichols, the Court specifically distinguished Citrin – stating that the plaintiff in Nichols had failed to make similar allegations concerning the permanent erasure or alteration of Electronic Records, such that no copies survived. Nichols, 2008 U.S. Dist. LEXIS 3288 at *13-14. Thus, the court found that plaintiff failed to sufficiently allege a cause of action because the mere act of misappropriation of electronic information (whether or not such information is a trade secret) does not constitute "damage" as defined and required by the CFAA. Id. at 17. Similarly, 24 Hour USA has failed to allege that Sheehan engaged in any conduct that resulted in the permanent erasure or alteration of all copies of 24 Hour USA's Electronic Records. 24 Hour USA has admitted that, to the extent Sheehan deleted anything, he deleted *copies* rather than originals.

24 Hour USA bears the burden of alleging specific facts in support of its claim, and this burden is not satisfied by 24 Hour USA's amorphous, unsupported and equivocal speculation about what might have occurred and what it would like to prove if discovery is taken. If 24 Hour had any factual basis for alleging the permanent destruction or alteration of Electronic Records, 24 Hour USA had an affirmative obligation to actually plead such facts. If 24 Hour USA lacks any factual basis for alleging the permanent destruction or alteration of Electronic Records, as appears to be the case, Rule 11 bars it from doing so. Having failed to do so, 24 Hour's CFAA claim fails as a matter of law.

24 Hour USA's complete failure to allege facts demonstrating permanent "impairment" to its Electronic Records is particularly evident given the parties' respective evidentiary showings. While 24 Hour USA has <u>exclusively</u> based its CFAA claim on allegations made "on information and belief," Sheehan has submitted sworn testimony reflecting that: (1) he never permanently deleted, altered or otherwise impaired 24 Hour USA's access to or use of its Electronic Records; (2) all Electronic Records he may have removed from 24 Hour USA's premises and deleted were copies rather than originals; (3) contrary to 24 Hour USA's assertions, prior to his termination, Sheehan returned to 24 Hour USA the "flash drive" and "portable hard drive" purportedly containing copies of 24 Hour USA's Electronic Records; (4) 24 Hour USA's former Chairman and CEO specifically authorized Sheehan to e-mail Electronic Records to his personal e-mail account; (5) 24 Hour USA, including its former Chairman and CEO, was aware that it was a common practice for employees to e-mail electronic records to personal e-mail accounts; and (6) 24 Hour USA had a policy of authorizing, and in some cases, requiring its employees to delete e-mails and copies of electronic records. (Sheehan Decl., ¶¶ 2-12.) In short, Sheehan has provided overwhelming evidence demonstrating that he has never "impaired" 24 Hour USA's access to any of its Electronic Records. 24 Hour USA cannot genuinely contradict Sheehan's testimony through its equivocal allegations, alleged only on information and belief, that at some undisclosed time, Sheehan may or may not have deleted copies of certain undisclosed records.

### 2. 24 Hour USA's Proposed SAC Is Futile Because The Amendment Will Not Confer Jurisdiction On This Court.

Given the substantial pleading deficiencies described above, it would be futile for this Court to grant 24 Hour USA leave to file its proposed SAC. If such an amendment were permitted, Defendants would immediately file a motion to dismiss, which would likely be granted for failure to state a claim, and this Court would once again be without jurisdiction.

### C. THE DENIAL OF 24 HOUR USA'S MOTION TO FILE A SECOND AMENDED COMPLAINT, AND THE DISMISSAL OF THIS CASE, IS A FAIR, APPROPRIATE AND EFFICIENT RESULT.

The denial of 24 Hour USA's motion for leave to file a SAC is mandated without regard to any considerations of equity or prejudice. Nevertheless, such considerations weigh heavily against 24 Hour's motion.

This Court has already spent substantial time and resources reading briefs and hearing argument relating to the jurisdictional issues caused by the improvident filing of this case by the 24 Hour Plaintiffs without adequate consideration of the relevant facts and law. The dismissal of the instant Complaint will end the 24 Hour Plaintiffs' efforts to salvage a defective complaint, and will force the 24 Hour Plaintiffs to consider in earnest, and in a manner consistent with Rule 11, whether they have a legitimate factual and legal basis for attempting to refile their claims in a new action brought under federal law.

### CONCLUSION

Based upon the foregoing, Defendants respectfully submit that the Court should deny 24 Hour USA's motion for leave to file a SAC, and dismiss this action for lack of subject matter jurisdiction.

While 24 Hour USA may subscribe to the belief that the CFAA is a tool to be used to manufacture federal subject matter jurisdiction where none genuinely exists, this is not the purpose of the Act. The CFAA was intended to serve a serious and substantive purpose – combating destructive attacks against computer networks. If, as 24 Hour USA suggests, all that

is required to assert a claim under the CFAA is the transmission of an electronic record coupled with a claim that the record contained confidential information, this would mean that the CFAA effectively transforms virtually every trade secret misappropriation case into a federal question. Clearly, the Congress did not intend for the CFAA to be used as a means of flooding the federal courts with cases premised on state law trade secret statutes. In keeping with this premise, the Court should deny the 24 Hour Plaintiffs' motion for leave to amend to assert a claim whose only real purpose is to attempt to create subject matter jurisdiction where none exists.

Dated: August 7, 2008                    WINSTON & STRAWN LLP


                                         By:   /s/Kimball R. Anderson
                                                Kimball R. Anderson
                                                WINSTON & STRAWN LLP
                                                35 West Wacker Drive
                                                Chicago, IL  60601-9703
                                                Tel:   (312) 558-5600
                                                Fax:   (312) 558 5700
                                                kanderson@winston.com

                                                Attorneys for Defendants
                                                MICHAEL SHEEHAN
                                                and BALLY TOTAL FITNESS
                                                HOLDING CORPORATION

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Michael Sheehan and Bally Total Fitness Holding Corporation, hereby certifies that he has caused a true and correct copy of the foregoing OPPOSITION OF DEFENDANTS, MICHAEL SHEEHAN AND BALLY TOTAL FITNESS HOLDING CORPORATION, TO 24 HOUR USA'S, INC.'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; SUPPORTING DECLARATION OF MICHAEL SHEEHAN to be served via the Court's ECF filing system, this 7th day of August, 2008, addressed to:

> R. Mark Halligan
> Mark.Halligan@lovells.com
> Deanna R. Swits
> Deanna.swits@lovells.com
> LOVELLS LLP
> 330 N. Wabash Avenue
> Suite 1900
> Chicago, IL 60611
> Tel: 312-832-4400
> Chicago, IL 60611

_____/s/Kimball R. Anderson_____

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BALLY TOTAL FITNESS HOLDING CORP., a Delaware corporation, and MICHAEL SHEEHAN, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 08 CV 3853<br><br>Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Morton Denlow |

## DECLARATION OF MICHAEL SHEEHAN

I, MICHAEL SHEEHAN, DECLARE:

1. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently to them.

2. Since resigning my employment at 24 Hour Fitness USA, Inc. ("24 Hour"), on June 23, 2008, I have not used, altered, deleted, moved or copied any information from 24 Hour's computers, networks or servers (collectively, "Computer Systems") – nor have I asked anyone else to do so on my behalf.

3. As explained in my prior declarations filed in the California temporary restraining order proceedings, from time-to-time while employed at 24 Hour, I would send work-related e-mails to my personal e-mail account so I could view the contents of the e-mails on my home computer and to enable me to work at home. Such e-mails contained *copies* of information maintained on 24 Hour's Computer Systems. I did not permanently delete or otherwise permanently destroy or alter any information from 24 Hour's Computer Systems as a result of e-mailing myself such information. Furthermore, I never did anything to impair the completeness, usability or availability of such information as it resided on 24 Hour's Computer Systems by e-mailing myself copies of information or in any other manner.

4.  Prior to my last day of work with 24 Hour, I deleted all of the e-mails I have sent to my personal account and that contained copies of 24 Hour's electronic information. I did this to ensure that I left with "clean hands" when I terminated my employment and could not be accused of misappropriating information. When I deleted these e-mails, I only deleted *copies* of 24 Hour's electronic information.

5.  Even when I deleted e-mails in my personal account, the original information was maintained on 24 Hour's own Computer Systems.

6.  As explained in my prior declarations in the state court proceedings in California, from time-to-time while employed at 24 Hour (typically on Fridays of each week), I would make an electronic copy, or have someone else make an electronic copy, of certain information maintained on 24 Hour's Computer Systems (*i.e.*, on my laptop hard drive) and save such copies to a portable external hard drive. As explained in my prior declarations, from time-to-time while employed at 24 Hour, I would also sometimes make an electronic copy of information maintained on 24 Hour's Computer systems and save such copies to a portable flash drive.

7.  I never permanently deleted, altered or otherwise destroyed any information from 24 Hour's Computer Systems as a result of saving copies of documents on the portable hard drive or flash drive. Furthermore, I never did anything to impair the completeness, usability or availability of such information as it originally resided on 24 Hour's Computer Systems by saving electronic copies of information to the portable hard drive or flash drive.

8.  I never permanently deleted, overwrote, altered or destroyed any information contained on the portable hard drive or flash drive. Moreover, *the original information would still be maintained on 24 Hour's Computer Systems*. Indeed, the reason I copied or asked others to copy information to the portable hard drive was to ensure that there was a backup copy of electronic information in case the originals ever became unavailable, e.g., if the network or laptop "crashed."

9.  All of the electronic records I copied or had copied to an external hard drive or flash drive, or which I e-mailed to myself, were copied or e-mailed during my employment with 24 Hour and for the exclusive purpose of discharging my responsibilities as an employee of 24 Hour. I never used or intended to use such electronic records for any other purpose or on behalf of any other person or entity, or to impair 24 Hour's ability to use and access such records.

10. In addition to the e-mails, portable hard drive, and flash drive described above, while employed by 24 Hour I also kept in my office a second portable hard drive that I purchased new. This was my personal property. I never used it for any business-related purpose – and certainly not to copy, store, delete, destroy or alter any information concerning or belonging to 24 Hour. I provided this hard drive to an employee named Randy Drake who used it to load personal music files.

11. 24 Hour's former Chairman and CEO, Mark Mastrov, specifically authorized me to e-mail Electronic Records to my personal e-mail account and use such documents outside of 24 Hour's premises. Mr. Mastrov, as well as other executives of 24 Hour, was aware that it was a common practice for employees to e-mail electronic records to personal e-mail accounts and use those records to perform work off premises.

12. Throughout my employment, 24 Hour had a policy of authorizing, and in some cases requiring, employees to delete e-mails and copies of electronic records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of August, 2008 at Chicago, Illinois.

_____
Michael Sheehan